[Crim. No. 1991. Second Appellate District, Division Two.—November 18, 1930.]

In the Matter of the Application of JASON B. GROSS-MAN for a Writ of Habeas Corpus.

Pacht, Pelton & Warne for Petitioner.

Charles P. Johnson, City Prosecutor, and Joe W. Matherly, Deputy City Prosecutor, for Respondent.

CRAIG, Acting P. J.—At the time set for the trial of a criminal case pending in the municipal court of the city of Los Angeles, the petitioner, an attorney at law,. was inducted into the proceedings as associate counsel. An affidavit of bias and prejudice had theretofore been filed, and counsel for the defendant then requested that the case be transferred to another department of said court. After argument the affidavit was ordered stricken from the files, and the bailiff was directed to call the jurors from adjoining rooms. Following the ruling of the court denying a transfer, and while jurors were entering the courtroom, petitioner insisted upon being heard further upon the matter. He was repeatedly reminded of such ruling, and ordered to desist from argument, which mandates were ignored. Following the trial and discharge of the jury, petitioner was informed that the court adjudged him in contempt on account of his statements and conduct at the inception of the trial, and he was directed to appear on the following day for sentence. A continuance having been granted at his request, he appeared at a later date, at the time fixed by his counsel by permission of the court, when he was fined $100, and ordered committed to jail in default of payment thereof. By a petition to this court, following denial of relief in the superior court, the petitioner recites that he is imprisoned under the provisions of said order, and prays that he be restored to his liberty.

██ There is no controversy as to the occurrences leading to the final order of the municipal court. It is urged that the language and conduct of the petitioner "is not in any sense contemptuous and the petitioner was within his rights as an attorney at law in the trial of a case to conduct himself in the manner and to utter the language as indicated by the record". We do not deem a quotation of the entire colloquy requisite to a proper consideration of the matter. Since the jurisdiction of the municipal court is questioned upon the ground that its order is without legal foundation, the following is accordingly recited from the record before us as substantially constituting the basis therefor, in the view of the committing magistrate. While the bailiff was proceeding to comply with the order recalling the jury, the asserted contemptuous interruptions ensued:

"Mr. Grossman: Perhaps it might be better to wait until later, as I have a few remarks to make concerning this affidavit which is here on file. However, if you prefer to have the jury present, that is up to you. . . . Do you still insist I cannot make a statement?

"The Court: What is the nature of your statement?

"Mr. Grossman: Well, the nature of the statement could only be made when I make the statement. I have a number of things in mind.

"The Court: I have ruled on the affidavit and I do not believe that any further statement would enlighten the court any further. The affidavit is before the court; I have considered it very carefully, and I do not believe that I care to hear any further argument on the affidavit itself.

"Mr. Grossman: The statements which I intend to make are not made, as far as I am concerned, with the purpose of enlightening the court. I do not feel the court could be enlightened in that regard. . . . I say, your Honor, I do not think the court could be enlightened, not because I would not try to enlighten the court, but I mean the statement I am about to make pertains to this affidavit. . . .

"The Court: If you want to feel that way, the court does not care to hear from you any further. Please let us go along in an orderly manner. . . . I am always very glad to extend courtesies to lawyers. I am glad to hear anyone, but this is a matter that the court has passed on. So far as what the court has done is concerned, I don't care to

reverse my ruling, I do not believe that anything you could say would enlighten the court any further on the affidavit. The affidavit is now before me. I have studied the affidavit; I am satisfied that the conclusions I have come to with regard to it are reasonable, right, just and lawful. Then, why continue the matter? . . .

"Mr. Grossman: Your Honor, I have a question to ask. I am just wondering concerning this procedure, if the counsel for the defendant and the defendant himself would refuse at this time to abide by the ruling of the court, what would the court do in such a case? . . .

"The Court: I do not feel called upon to answer such a question under all the circumstances of the case. Will you please allow the clerk to call a jury? . . .

"Mr. Grossman: If your Honor please, at this time I request the court to have the jury and the other jurors which may serve in this case excluded from the courtroom, as I have a number of statements I would like to make in this matter, which I feel should be made in their absence; . . .

"The Court: The motion will be denied. There is no reason for excluding the jury. You are to examine the jury for cause and not make a statement at this time.

"Mr. Grossman: If the court please, I intend to proceed with this case in the way I intend it should be handled; and at this time I intend to make a statement. If your Honor wants the jurors to hear it, very well; I suggest that the jurors be removed. If your Honor rules that it should not be done, then I will make it with the jurors here. . . . I concede it is time for me to examine the jury for cause, and that is my privilege. The fact that it is time for me to examine the jury does not preclude me from doing other things—I may have the privilege of doing a number of things in this courtroom, as your Honor has the privilege of doing a number of things; and I am only asking to make a statement to your Honor; if I felt I was asking for something which was out of order, if I felt I was asking to make a statement to this jury, or in the presence of this jury, which I thought would prevent my client—

"The Court: Do you care to examine the jurors?

"Mr. Grossman: Not at this time; I care to make a statement to the court."

The foregoing was followed by further persistent and determined effort by counsel to handle the case as he intended it should be handled, in disregard of repeated rulings and in defiance of the court's endeavors, both by courteous advice and finally by stern and emphatic but dignified reprimand, to obtain a jury in an orderly manner. Counsel was at least five times thereafter admonished to abstain from argument upon the decided question, and reminded that if error be committed "there is a court higher than this court that can correct any errors that I may make and give your client any redress for any wrong that he may have suffered".

Petitioner cites no authority in this state which materially aids in determining whether or not an offense was committed by such unauthorized and infractious exercise of a self-imposed "privilege of doing a number of things in this courtroom", insisting that he could make a statement of a "number of things" that he had in mind, not "with the purpose of enlightening the court" when he did "not feel the court could be enlightened in that regard", either before the court or jury, which was "up to you". In support of this petition are cited *In re Shortridge,* 5 Cal. App. 371 [90 Pac. 478], *Platnauer* v. *Superior Court,* 32 Cal. App. 463 [163 Pac. 237], *Curran* v. *Superior Court,* 72 Cal. App. 258 [236 Pac. 975, 977], and *Hallinan* v. *Superior Court,* 74 Cal. App. 420 [240 Pac. 788, 790]. No apology was offered, and the petitioner seeks to rest upon a justification. The cited cases are not urged with great enthusiasm as authoritative in this case, and it is conceded that none within this jurisdiction are in point. In *In re Shortridge, supra,* the familiar rule that presumptions are in favor of one charged with contempt of court is followed, and the petitioner was discharged, for the reason that the asserted contemptuous statements and circumstances were not set forth. In *Platnauer* .v. *Superior Court, supra,* it appearing that the petitioner had ceased addressing the court as ordered, and nothing having occurred except at a gratuitously and unnecessarily suggested controversy by the judge, it was held improper to incarcerate and deprive the client of his counsel during the trial. In *Curran* v.

*Superior Court, supra,* it was held in *certiorari* that it was necessary and proper for counsel to assign remarks of the court as error, and that "no reason appears from the record for the order of the court requiring the petitioner to be seated". The general statement of facts upon which the petitioner had been held in contempt was found to have been untrue. In *Hallinan* v. *Superior Court, supra,* the petitioner, an attorney representing a defendant then on trial, had objected to a question, and when ordered to desist from extended argument he persistently refused to comply with the order. This case seems more clearly in point, though the contemptuous conduct consisted solely in insisting upon argument of a question immediately in issue, rather than upon a question which had been decided, as in the instant proceeding, and it was wholly devoid of other aggravating factors. However, the order of the trial court was sustained, and a hearing by the Supreme Court was denied. Following a thorough review of the authorities above mentioned, it was there observed that an attorney has certain rights and privileges, the exercise of which may not be denied him, but that the right to argue even a pending matter is not unlimited. And it was concluded: "When the court reaches the point that it feels that it is fully advised as to the question under discussion and ready to rule upon the same, and, therefore, requires no further enlightenment from counsel, it is surely clothed with adequate power and authority to order the argument at an end, and, when necessary, in order to enforce its order, to punish the attorney guilty of its infraction. Under such circumstances, the action of counsel, in persisting in arguing a matter to the court, after the court has repeatedly ordered him to desist, amounts to disorderly behavior toward the judge of the court, which directly tends to interrupt the due course of the trial and is also disobedience of the lawful order of the court. Such acts are defined as contempt by the provisions of section 1209 of the Code of Civil Procedure."

This conclusion upon the record before us is strongly supported by authorities from other jurisdictions which are more nearly analogous. (2 Bishop, Crim. Law, 8th ed., secs. 242, 243; *State* v. *Crum,* 7 N. D. 299 [74 N. W. 992]; *In re Cooper,* 32 Vt. 258; *Dodge* v. *State,* 140 Ind. 284 [39

N. E. 745, 746].) In the case last cited it was appropriately said: "It is always to be regretted that a case should arise that renders it necessary for a court to inflict punishment for contempt against a member of its bar. Attorneys at the bar are properly termed the 'court's constituency', to aid it in the due administration of justice. Each one is required to take an oath that he will honestly and faithfully discharge his duties as such attorney, and one of the cardinal duties enjoined upon him by law is to maintain the respect that is due to the court of justice and judicial officers. . . . In the determination of the question as to whether a contempt has been committed, it does not depend upon the intention of the offending party, but upon the act he has done. A disclaimer of intentional disrespect or design to embarrass the administration of justice is no excuse for the person charged with the offense, when the contrary appears, from a fair interpretation of the language used. . . . It is the imperative duty of an attorney to respectfully yield to the rulings and decisions of the court, whether right or wrong, reserving the rights of his client by proper and necessary exceptions thereto. A remedy for the correction of the court's errors, if any, is fully provided by law."

The petitioner next asserts that if his conduct was contemptuous, delay of the proceeding and failure to issue a citation forthwith deprived the trial court of jurisdiction to act. It is argued that the intent of the code provision is that the court shall deal summarily with disorderly conduct and the utterance of insolent and contemptuous language; that offending counsel may be warned of his misconduct and afforded an opportunity to desist or to apologize, and that a failure in this respect might indicate that the court did not view such conduct as worthy of further consideration. It appears that the persistent argument and innuendos in the trial court were at once recognized as offensive when made, on June 17, 1930. Petitioner was continuously present until the trial concluded, when he was adjudged guilty of a contempt of court and directed to appear on the day following, at which time petitioner again appeared, submitted to the jurisdiction, and requested "that the sentence in said matter be continued until June 25th, 1930". *Curran* v. *Superior Court, supra,* is cited and relied upon by both parties, the only distinction being that

Curran was at once directed to remain after adjournment, whereupon the matter was continued to the conclusion of the trial, and counsel was summoned by order to show cause after withdrawal and continued absence from the case on trial. The rule was there announced that "the action of the court thereafter was timely. The order to show cause was based on facts within the immediate knowledge of the court, and needed no affidavit to support it, and the court, as to the form and manner of its procedure, retained jurisdiction to act". Section 1211 of the Code of Civil Procedure provides that a contempt committed in the presence of the court "may be punished summarily", but it specifies no limitation of time within which a final order shall be made. That the court deemed the occurrences of moment requiring summary action is manifest, and the petitioner does not attempt to indicate what, if any, injury to his rights resulted from a failure to afford him further opportunity to desist or to offer an apology for language and conduct which he insisted, and still insists, was wholly justified. Under the circumstances we think the court retained jurisdiction so long as it acted within a reasonable time. (*Middlebrook* v. *State*, 43 Conn. 257 [21 Am. Rep. 650]; *People* v. *Board of State Canvassers and Rice*, 74 Hun, 179 [26 N. Y. Supp. 345].)

The judgment is criticised as "void and without jurisdiction because it fails upon its face to recite . . . the alleged contemptuous language or conduct . . . or that they constituted an obstruction of the orderly administration of justice". The commitment for contempt recites the title and proceedings in the case on trial, contains a stenographic report of all remarks of court and counsel, including a full statement by the court to petitioner of the grounds upon which he was pronounced in contempt; that the court "caused an order to be made describing the facts . . . *as aforesaid* and caused the same to be entered upon the minutes of said court", which minutes are also set forth. Immediately following a *verbatim* recital of the statements and conduct which we have detailed in part herein, it is further stated that "said conduct and disobedience on the part of the said Jason B. Grossman tended to directly interrupt proceedings and impair the respect due the authority

of said court and tended directly to bring said court and the judge thereof into disrepute and that said Jason B. Grossman is guilty of contempt of court''. Since the language and acts, as we have observed, were contemptuous, and the commitment presents them in full, declaring them to be an offense, and committing the petitioner therefor, we think it is not insufficient in this respect.

The writ is discharged and the petitioner remanded.

Thompson (Ira F.), J., concurred.

Owing to the absence of Works, P. J., he did not participate in this decision.