George E. SHIBLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14464.

United States Court of Appeals
Ninth Circuit.

June 18, 1956.

Certiorari Denied Oct. 15, 1956.
See 77 S.Ct. 98.

Daniel G. Marshall, A. L. Wirin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Manley J. Bowler, Louis Lee Abbott, Max F. Deutz, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

During the trial of defendant, who is a lawyer, on several counts of contempt alleged to have been committed before a United States Marine Corps Court of Inquiry,[1] the United States District Judge warned Shibley, who was acting as attorney in his own defense, that he was contemptuous of the District Court. After verdict, the trial judge ordered the matter of summary contempt to be brought before the court at a later date. A Certificate of Contempt of George E. Shibley was entered on a date considerably

[1] See United States v. Shibley, D.C., 112 F.Supp. 734.

postponed,[2] and, based thereon, the trial court adjudged Shibley guilty and sentenced him to imprisonment for thirty days.

The Certificate of Contempt is a voluminous document based upon actions, words and conduct of Shibley, an attorney, in open court, which were heard, seen and observed by the trial judge presiding, according to the declarations therein contained.

The record bears out the statements of the certificate in essential particulars. The evidence was amply sufficient to sustain the charges.

There is no question but that Shibley abused his position as lawyer for himself as defendant. He consistently spoke and acted with complete contempt of the court. He attempted to and fairly succeeded in taking complete control of the trial, because of the attempt of the trial judge to act as an impartial arbiter and because the trial judge refrained from criticizing the conduct of Shibley before the jury as far as possible. Specifically, Shibley, continuously and contrary to the rulings and directions of the judge, insisted on bringing before the trial jury, in opening statement and other places during presentation of evidence and in final arguments, the merits of the case in which Shibley had represented one Babette before a Marine Corps court-martial, charges which Shibley had made against Marine Corps officers on which the Court of Inquiry had been convened, and constantly ignored directions and rulings of the court.

■ Shibley has not the excuse in this instance that he, as a lawyer, was misled by zeal in attempting to do his duty to his client. We hold that many of the acts set up in the certificate were in contempt of court. It would be a travesty to hold that the right of an accused to "fearless, vigorous and effective advocacy," no matter how unpopular the cause, justified the contemptuous behavior of Shibley in his own behalf.

Many of the recitals of the certificate might not state specific acts which were of themselves contemptuous, but they give color and emphasize the necessity of the judgment as to the particulars of conduct recited.

■ Shibley complains that the certificate was not filed until two months after the verdict. This delay is not important. Indeed, it indicates the trial judge was not acting inconsiderately, but with due deliberation. The fact that there was no hearing on the certificate and that due process was thus lacking is untenable. Such delay until after trial has been given formal approval by the courts.[3] Nevertheless, such delay has its danger, as has been pointed out. If there is a conviction, then a subsequent penalty for contempt appears to the unthinking as a cumulative and vindictive punishment. But where there is a verdict of "not guilty," as in this case, the charge can always be made, as it has by the lawyer defendant here, that the trial judge was disappointed at the verdict and therefore assessed a punishment for contempt. But the record here, cold as it is, is replete with evidence of such utterly contemptuous conduct that a trial judge would have been recreant to his duty if he had failed to notice the assault upon the dignity of the tribunal, whatever the verdict were. Although, in our opinion, this might well have been done early in the trial, the action then might have

2. The trial was concluded on November 20, 1953, at which time the court ordered the matter of summary contempt be brought before the court on November 23, 1953. At that time, the matter was postponed to December 7, 1953, and then again to December 28, 1953, for the reason that the reporter had been unable to transcribe completely the important portions of the voluminous record. On the twenty-eighth, the matter was again postponed at the behest of appellant because of illness until January 18, 1954, at which time the certificate was filed and appellant sentenced.

3. Offutt v. United States, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11; MacInnis v. United States, 9 Cir., 191 F.2d 157, 161, certiorari denied 342 U.S. 953, 72 S.Ct. 628, 96 L.Ed. 708.

required a mistrial. Here there is the advantage of tabulation of a cold, consistent, calculated design to influence the jury by utterly extraneous matter, which was in the main successful. This lawyer defendant is brazenly citing the success of his contemptous behavior as a reason for relieving him of its consequences.

■ It is also suggested that, since the trial judge, after verdict had been rendered and the jury discharged from consideration thereof, had in the presence of the jury expressed his opinion of the conduct of defendant at the Court of Inquiry and of the failure to bring in a verdict of guilty, he was then biased and could not enter the certificate. There is nothing to this contention. The trial judge, throughout the trial, exercised admirable self restraint before the jury. He would have had a perfect right to comment on the evidence during instruction if he did so fairly. The fact that he did not and refrained from an expression to the jury of the conduct of defendant during the trial may have resulted in this result which he thought unjust. He had a right to say he thought so. There can be no doubt the judge had at that time made up his mind about the conduct of defendant before the Court of Inquiry and before him. He had the right officially to express himself as to both. Because he had a firm opinion, based upon the evidence in the case and upon the action of defendant before him, is the fault of defendant and not of the court.

■ This Court therefore affirms the judgment that Shibley was guilty of contempt. However, a long time has passed since the judgment was rendered. Meantime, Shibley has been convicted of a criminal charge which was argued on appeal at the same time the instant case was argued.[4] Several counts of the original information have not yet been determined by a jury. This Court has no control over the penalty, which is entirely in the discretion of the trial court in the absence of abuse of discretion.[5] It is the opinion of this Court that, without expressing any opinion as to the ultimate result, the cause should be remanded to permit the trial judge to consider the sentence in view of the conditions which now exist.

We deny the request of Shibley to dismiss the remaining counts of the information against him for contempt of the Court of Inquiry.

Remanded for consideration of sentence.

4. See Shibley v. United States, 9 Cir., 237 F.2d 327.

5. MacInnis v. United States, 9 Cir., 191 F.2d at page 162, supra.