# Richmond

S. PAGE HIGGINBOTHAM v. COMMONWEALTH OF VIRGINIA.

June 14, 1965.

Record No. 5997.

Present, All the Justices.

*William Rosenberger, Jr.* (*Vance M. Fry*, on brief), for the plaintiff in error.

*W. P. Bagwell, Jr., Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

I'ANSON, J., delivered the opinion of the court.

The defendant, S. Page Higginbotham, a member of the bar of this Commonwealth, is here on an appeal from a judgment wherein he was summarily held in contempt of court and fined $250 for his conduct in exhibiting evidence to a jury while arguing a case, in violation of a ruling of the court below.

The events and proceedings which resulted in the entry of the judgment complained of are as follows: On Saturday, October 26, 1963, in the Circuit Court of Culpeper County, Virginia, during the trial of a case against one Lawson, who was charged with an attempt to commit rape, the defendant, attorney for Lawson, argued to the jury that the prosecuting witness testified the accused was wearing extremely short sleeves when the offense was committed upon her, but that she had failed to identify her assailant by the tatoo marks on both of his arms, which were obvious marks of identification. To support his argument, defendant asked the accused to remove his coat and pull up his sleeves in order that the jury might observe the tatoo marks.

An objection by the Commonwealth's attorney to the introduction of this evidence before the jury on the ground that it had not been previously brought out in the trial of the case was sustained by the trial judge. Defendant then stated to the trial judge "that this was not new evidence and that Lawson might dress any way he wished in the Court within the bounds of propriety. * * * [and] that Lawson might desire, on his own accord, to take off his coat because it was extremely hot in the courtroom." The judge made no further comment or ruling in answer to defendant's contention, and Lawson, who had started removing his coat when the attorney for the Commonwealth objected, continued to do so, rolled up his shirt sleeves, and exposed the clearly visible tatoo marks on his arms. The attorney for the Commonwealth then moved for a mistrial, which the court overruled, and defendant continued his argument without further objection by the Commonwealth's attorney or comment from the trial judge.

When the jury retired to consider its verdict, the trial judge, "in a very friendly manner, smiled and stated to the defendant that he had presented a 'powerful argument' in behalf of Lawson," and during the two-hour period that the jury deliberated the trial judge, the defendant and others engaged in general conversation in the courtroom and in the judge's chambers but no reference was made to the incident which occurred during defendant's argument.

The jury returned a verdict of not guilty and the court was ad-

journed for the day, and no reference was made to the incident.

The following Monday morning, October 28th, the trial judge attempted, without success, to communicate with defendant.

On Thursday morning, October 31st, while defendant was in the courtroom of the Circuit Court of Culpeper County conferring with a client on a case set for trial that day, defendant was notified that the judge would like to see him in chambers. Upon responding to the request, the judge told defendant that he was holding him summarily in contempt "for his conduct in his argument in the *Lawson* case" after the court had sustained the Commonwealth's attorney's objection; that the matter would be dealt with during the day, and that there would be no hearing because the court had observed his misconduct. Defendant requested that he be permitted to obtain counsel and offer evidence in his behalf. He further stated that "there had been 'run ins' between him and the Court before and if the Court pursued this matter they would all be brought out: [and] that he had planned the case the way it was handled." Defendant's request that he be allowed to obtain counsel was granted, and the matter was continued to another day.

On November 8, 1963, defendant appeared, pursuant to "verbal directions of the court," to show cause why he should not be adjudged in contempt. Defendant was permitted to make a statement, but its contents do not appear in the record before us. Thereupon the trial judge, reading from a prepared memorandum, stated in part: "Upon reflection, I have decided that the incident was such a flagrant violation of the Court's order that it cannot be overlooked, and that it may have been material in influencing the jury's verdict. If it did not, it was no fault of yours, because you made a very strong point in your argument," and the defendant was summarily found guilty of contempt and ordered to pay a fine. The court's order recites that defendant deliberately, intentionally and purposefully exhibited evidence before the jury over the objection of the Commonwealth's attorney and in violation of the ruling of the court, and that defendant's misbehavior occurred during his "final argument to the jury, which argument he [defendant] had instructed the Court Reporter not to take without consulting with the Court or the Attorney for the Commonwealth."

Defendant contends (1) that since there was no indication by the trial judge that he had disobeyed the court's ruling at the time of the incident, the court had lost jurisdiction and lacked the power to summarily hold him in contempt, (2) that he should have been ac-

corded a full hearing on the charge, and (3) that he had not violated the court's ruling.

■ It has long been recognized and established that a court is invested with power to punish for contempt, both by the inherent nature and constitution of the court and by Code § 18.1-292, as amended, 1960 Repl. Vol., enacted pursuant to § 63 of the Virginia Constitution. *Wells* v. *Commonwealth*, 21 Gratt. (62 Va.) 500, 503; *Carter* v. *Commonwealth*, 96 Va. 791, 806, 807, 32 S. E. 780, 781, 782; *Board of Supervisors* v. *Bazile*, 195 Va. 739, 746, 80 S. E. 2d 566, 571; *French* v. *Town of Clintwood*, 203 Va. 562, 569, 125 S. E. 2d 798, 802.

Code § 18.1-292, as amended, prescribes the instances in which courts may punish summarily for contempt. It reads in part as follows:

"The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:

(1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;

\*   \*   \*   \*   \*

(4) Misbehavior of an officer of the court in his official character;
(5) Disobedience or resistence of an officer of the court, juror, witness or other person to any lawful process, judgment, decree, or order of the court."

It is to be noted that the first sentence of the statute provides a judge *may punish summarily* for contempt. Thus the power is discretionary and not mandatory.

The word "summarily" used in the statute does not refer to the time the adjudication of contempt must be made, but to the form of procedure which dispenses with any further proof or examination and a formal hearing. See *Sacher* v. *United States*, 343 U. S. 1, 72 S. Ct. 451, 96 L. ed. 717, reh. den. 343 U. S. 931, 72 S. Ct. 756, 96 L. ed. 1341; *In re Grossman*, 109 Cal. App. 625, 293 P. 683, 686.

Code § 19.1-16, as amended, 1960 Repl. Vol., relied on by the defendant, provides as follows:

"No court, judge, or justice of the peace shall impose a fine upon a juror, witness or other person for disobedience of its process or any contempt, unless he either be present in court or before such justice at the time, or shall have been served with a rule, returnable to a certain time, requiring him to show cause why the fine should not be imposed and shall have failed to appear and show cause."

This statute does not require the trial judge to adjudicate a contempt committed in his presence at the very instant of the alleged misbehavior or disobedience of the court's ruling. He *may* do so, under § 18.1-292, but he is not required to. Section 19.1-16 merely provides that no fine shall be imposed unless the defendant be present in court or before such justice at the time it is imposed, or until after the defendant shall have been served with a rule to show cause why the fine should not be imposed.

An examination and analysis of the reported cases which have dealt with the effect of delay in adjudication of contempt committed in the presence of the court reveal, without exception, that the court's power to punish a contemnor is not lost by a short delay during the course of the trial. Similarly, cases dealing with the effect of a delay until the completion of the trial have upheld the judge's summary power in such a situation, unless barred by a statute of limitations, or unless the delay is prejudicial to the defendant or is unreasonable in its duration. See *Sacher* v. *United States, supra; Ex parte Terry*, 128 U. S. 289, 9 S. Ct. 77, 32 L. ed. 405; *In re Maury* (C.A. 9 Mont.), 205 F. 626; *Hallinan* v. *United States* (C. A. 9 Cal.), 182 F. 2d 880, cert. den. 341 U. S. 952, 71 S. Ct. 1010, 95 L. ed. 1375, reh. den. 342 U. S. 956, 72 S. Ct. 623, 96 L. ed. 710, 343 U. S. 931, 72 S. Ct. 756, 96 L. ed. 1341; *Shibley* v. *United States* (C. A. 9 Cal.), 236 F. 2d 238, cert. den. 352 U. S. 873, 77 S. Ct. 98, 1 L. ed. 2d 77, reh. den. 352 U. S. 919, 77 S. Ct. 212, 1 L. ed. 2d 125; *In re Grossman, supra; In re Cary*, 165 Minn. 203, 206 N. W. 402; *Harman* v. *State*, 59 Okla. Crim. 267, 60 P. 2d 404; *State* v. *Buddress*, 63 Wash. 26, 114 P. 879; *Middlebrook* v. *State*, 43 Conn. 257, 21 Am. Rep. 650; *Appeal of Levine*, 372 Pa. 612, 95 A. 2d 222, cert. den. 346 U. S. 858, 74 S. Ct. 72, 98 L. ed. 371. See also recent annotation: "Contempt—Delay in Adjudication," 100 A. L. R. 2d 439, 441-450.

We are of opinion that the judge's delay of five days before advising defendant that he was being held in contempt for violating the court's ruling was not in itself prejudicial to the defendant. Nor was the lapse of time before proceeding against the defendant unreasonable. A delay in holding one in contempt quite often leads to more even-handed justice. Thus jurisdiction over the defendant was not lost by the delay.

■ Defendant says that the trial judge should have accorded him a formal hearing and permitted him to call witnesses in his behalf. Code § 18.1-292 gives a judge the power to punish summarily for

disobedience of his rulings and orders and the intemperate behavior of any attorney which obstructs the course of a trial, but the power to punish for contempt without a hearing is discretionary under the statute.

Here the judge's complimentary remarks to the defendant on his "powerful" argument to the jury in the *Lawson* case would indicate that he did not consider that the defendant had violated his ruling. It was only "upon reflection" that he concluded that the defendant had deliberately, intentionally and purposefully violated his ruling in order to get before the jury evidence not previously introduced. The defendant's action in advising the court reporter not to record his argument to the jury without first obtaining the court's consent, and his later statement to the judge that he had planned before trial the method used to have Lawson exhibit his tatoo marks during his argument to the jury, were apparently factors considered by the judge in punishing defendant for contempt without a formal hearing.

Under the particular facts and circumstances here, we are of opinion that even though the alleged misbehavior and disobedience of the court's ruling by the defendant was committed in the presence of the court, the judge should have had a rule specifying the alleged contemptuous acts served on the defendant, to be followed by a full hearing in the matter, instead of exercising his discretionary summary power under Code § 18.1-292.

Since the case will have to be remanded, we will not comment on the sufficiency of the evidence before us.

For the reasons stated, the judgment of the court below is set aside, and the case is remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*