COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


MITCHELL L. PHELPS, INC.

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1785-06-4                          WILLIAM G. PETTY
                                                        JULY 3, 2007
BOARD OF COUNTY SUPERVISORS OF
 PRINCE WILLIAM COUNTY AND SUE CHOZICK,
 ACTING ZONING ADMINISTRATOR OF
 PRINCE WILLIAM COUNTY


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
J. Peyton Farmer, Judge Designate

John V. Notarianni (Velasquez & Associates, Ltd., on brief), for
appellant.

Jeffrey R.B. Notz, Assistant County Attorney (Ross Horton, County
Attorney, on brief), for appellees.


        Appellant Mitchell L. Phelps, Inc., appeals from a contempt order.  Phelps argues that the

trial court erred by:  1) violating Rule 1:1 of the Rules of the Supreme Court of Virginia by

amending, modifying, and expanding the July 27, 2005 final order without jurisdiction; 2) changing

the terms of the final order and re-writing the County code by substituting the word "maximum" for

"minimum" as it relates to tree placement; 3) ordering the removal of structures and property of

persons who were not a party to the suit; and 4) granting the County blanket indemnity for claims

that may arise from the enforcement of its order.  For the reasons discussed below, we disagree with

Phelps and affirm the trial court's decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

Mitchell L. Phelps, Inc. owns property located at 14843 Dumfries Road, Manassas, Virginia.  The property is used as an automobile "graveyard" (junkyard).  The County filed a bill of complaint for injunctive relief alleging numerous violations of the Prince William County Zoning ordinance.  On July 27, 2005, the trial court entered an order finding Phelps responsible for several violations of the County ordinance and ordering Phelps to comply with Prince William County Code § 32-601.50.  The Code requires a 20-foot setback for all structures and uses from all property lines.  It further requires that the setback area be screened by a solid, uniformly-colored wood or masonry fence of sufficient height to screen the property from public view; a double, staggered row of evergreens consisting of trees and shrubs, at least six feet in height at the time of planting with minimum 15-foot spacing; and that all fences and plantings be maintained in good condition.  Prince William County Code § 32.601-50.  The trial court further ordered Phelps to comply with its order within ninety days.

On December 12, 2005, Tyler Cowherd, a Property Code Enforcement Inspector for Prince William County, inspected the junkyard.  Cowherd stated that the junkyard "looked almost identical to what I saw before" the trial court's July 2005 order.  Cowherd concluded that there was "no evidence whatsoever that [Phelps] has complied in any way with" the July 2005 order.

Following Cowherd's inspection, the County filed a motion to show cause why Phelps should not be held in contempt of the trial court's July 2005 order.  The trial court held a hearing on the motion on March 15, 2006, and subsequently issued an order finding Phelps in contempt of its July 2005 order.  The contempt order allowed the County to (1) enter the junkyard and remove all unpermitted structures; (2) create a setback area and install a fence as described in Prince William County Code § 32-601.50; and (3) plant a double-staggered row of evergreens at least six feet in height at the time of planting with a maximum of fifteen feet of space between each plant.  The

contempt order also required Phelps to hold the County harmless and indemnify them for any claims that might arise from the County carrying out the provisions of this order. This appeal followed.

## II. ANALYSIS

Phelps' contentions involve the trial court's remedy for its contempt of the earlier trial court's order. It is axiomatic that a court may find a party in contempt for "disobedience or resistance . . . to any lawful process, judgment, decree or order of the court." Code § 18.2-456(5); see also Higginbotham v. Commonwealth, 206 Va. 291, 294, 142 S.E.2d 746, 749 (1965) ("It has long been recognized and established that a court is invested with power to punish for contempt, both by the inherent nature and constitution of the court and by [statute].") (internal citations omitted). On appeal, "[a]n adjudication of contempt will be reversed 'only if we find that the court abused its discretion.'" Estate of Hackler v. Hackler, 33 Va. App. 51, 64-65, 602 S.E.2d 426, 433 (2004) (quoting Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993)). At oral argument, Phelps conceded that it was in contempt of the trial court's original order.

Initially, we hold that Phelps' argument regarding Rule 1:1 is without merit. Phelps argues that the trial court's contempt order impermissibly "amend[ed], modif[ied] and expand[ed] the July 27, 2005 final order." On the contrary, the parties were before the court on an entirely different matter: Phelps' contempt of the July 2005 order. Moreover, the record reveals that the trial court denied Phelps' motion to re-open the underlying case at the show-cause hearing, and went on to hear the separate issue of Phelps' contempt of its July 2005 order. Thus, there is no violation of Rule 1:1 in this case.

Phelps also argues that the trial court should be reversed because it changed the terms of the 2005 final order and re-wrote the County code by substituting the word "maximum" for "minimum" as it relates to tree placement. Once again, we disagree with Phelps.

Our Supreme Court has stated that "the punishment which may be imposed [for contempt] is not limited to a fine and/or imprisonment. It is adapted to what is necessary to afford the injured party remedial relief for injury or damage done by the violation of the [order] . . . ." Deeds v. Gilmer, 162 Va. 157, 262, 174 S.E. 37, 78-79 (1934). Here, the remedy fashioned by the trial court was, essentially, allowing the County to enter into Phelps' property and remedy the ill that Phelps' disobedience to the July 2005 order had caused: the continued violation of the County zoning ordinance. While the trial court did depart from the wording of the County code when it required that the evergreens be planted a *maximum* of fifteen feet apart, as opposed to a *minimum* of fifteen feet apart, it was free to do so as a part of its inherent power to fashion an appropriate punishment for the contempt of its orders. There is nothing in the record or in Phelps' argument indicating that the trial court's departure from the language of the County code is an abuse of discretion.

Phelps also argues that the junk and unpermitted structures on its property belong to its tenants, and that the trial court lacked authority to order it to remove its tenants' property. According to the County code, Phelps is responsible for the zoning violation – not its tenants. See Prince William County Code § 32.1000.1 ("An owner of property shall be responsible for, and subject to prosecution and conviction for, any violation of this chapter found to exist on his property.").[1] Thus, we conclude that the trial court did not err in ordering Phelps to comply with the zoning ordinance based on the plain language of the County code.

---

[1] We also note that the record does not reflect any attempt by Phelps to join its tenants as parties to the original suit, nor did Phelps ever attempt to appeal the trial court's original July 2005 decision on the merits of this case. Thus, the issue of whether the trial court was without jurisdiction over the tenants and their property is not before this Court. See Rule 5A:6 (requiring a notice of appeal be filed within thirty days after entry of the final order).

Finally, Phelps argues that the trial court erred by granting the County indemnity for claims that may arise from enforcement of the court's order. We disagree with Phelps and hold that the trial court acted within its discretion in this matter.

Our decision in Epperly v. County of Montgomery, 46 Va. App. 546, 620 S.E.2d 125 (2005), controls the outcome of this case. In Epperly, the trial court found the appellant in contempt for failure to comply with its order requiring him to bring his property, which was used as an automobile graveyard, into compliance with the County zoning ordinance. Id. at 551-52, 620 S.E.2d at 128. As part of its contempt order, the trial court in Epperly granted authority for the County to "enter upon the [property] for the purpose of removing any and all junk material . . . which, within the discretion of the County, constitutes junk materials the storage of which is prohibited and unlawful under the Montgomery County Code." Id. at 552, 620 S.E.2d at 128. The trial court also ordered that the County would be "free and clear of liability for damage or destruction to property . . . ." when carrying out the trial court's order. Id. (internal quotation marks omitted).

We affirmed the contempt order in Epperly, determining it to be "'no more than what was necessary to compel [the appellant] to comply with the code and to protect the [County's] rights . . . .'" Id. at 557, 620 S.E.2d at 131 (quoting Rainey v. City of Norfolk, 14 Va. App. 968, 975, 421 S.E.2d 210, 211-12 (1992)). Because the case before us is indistinguishable from Epperly, we are bound to follow the rationale in Epperly and conclude that the trial court did not abuse its discretion by instructing Phelps to hold harmless and indemnify the County.

III. CONCLUSION

We affirm the judgment of the trial court.

Affirmed.