COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia


DELORES HEFFERNAN, S/K/A
 DELORES O'BRIEN HEFFERNAN

                                                    MEMORANDUM OPINION* BY
v.      Record No. 2103-13-4                        JUDGE TERESA M. CHAFIN
                                                    NOVEMBER 4, 2014

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                          Daniel S. Fiore, II, Judge

             Elizabeth Tuomey (Tuomey Law Firm, PLLC, on briefs), for
             appellant.

             Eugene Murphy, Senior Assistant Attorney General (Mark R.
             Herring, Attorney General, on brief), for appellee.


        Delores O'Brien Heffernan (appellant) appeals her conviction for summary contempt,

alleging that the trial court denied her due process rights.  Appellant concedes that her argument

was not properly preserved for appeal, but asks the Court to consider her appeal pursuant to the

exceptions to Rule 5A:18.  Because we find that summary contempt proceedings were

inappropriate under the circumstances contained in the record, we apply the ends of justice

exception and reverse appellant's conviction.

                                            I.

        On September 30, 2013, appellant attended a criminal contempt hearing in the Circuit

Court of Arlington County pertaining to an alleged violation of a no-contact order.  Following a

lunch recess, the Commonwealth's Attorney informed the court that Jason McCandless, an

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

attorney present for a separate, related hearing, reported to her that appellant approached him in the hallway and called him a "perverted son of a bitch" before saying, "You're going to get yours." McCandless allegedly responded, saying, "That's a nice threat," to which appellant replied, "You bet it is." Appellant then apologized before coming back into court.

After hearing of the incident, the trial court said to appellant, "you do understand that when there's a court proceeding, if there's a threat like that, it's a separate contempt possibility." When appellant said that she apologized to McCandless, the trial court said "I want to make sure you understand the gravity of the circumstance and that when you[] . . . see yourself sort of in a hole, you don't keep on digging." The court then proceeded with the matter at hand, with appellant's standby counsel taking over for the remainder of the proceedings.

When court resumed the following day, after announcing its ruling in the criminal contempt matter, the court addressed appellant as follows:

> Now, the Court . . . addresses your conduct during this proceeding. The threat of physical violence you acknowledge you made to an officer of the court, it was consistent with the attitude of some [people] that the rule of law and the orderly adjudication of disputes do not apply to them. . . . However, . . . you do not have the right to make threats against officers of the court or observers to a court proceeding and, therefore, the Court will impose an appropriate penalty upon you each time you are found to be in contempt. Your threat of physical violence subjects you to a summary disposition of contempt . . . .
> The court hereby finds you in contempt, and the Court hereby imposes two days in the county jail. . . . You are now remanded to the custody of the sheriff.

Before concluding, the Commonwealth's Attorney requested a clarification on the record regarding the grounds for the court's criminal contempt ruling. In response, the court restated its holding that it was not finding appellant in criminal contempt. Court thereafter adjourned for the day. Appellant failed to object at any time following the court's ruling on summary contempt.

The next day, in a separate proceeding regarding the no-contact order that was the subject of appellant's criminal contempt charge, appellant's counsel inquired of the court: "With respect to the summary contempt yesterday, I just wanted to clarify that if the Court intended that to be treated as criminal contempt." The trial court then discussed with appellant whether she had sufficient time to reflect on her conduct and the seriousness of her actions. Following the discussion, the trial court released appellant. Appellant filed this appeal challenging the summary contempt, acknowledging that she made no objection.

II.

Whether appellant is procedurally barred from raising an assertion of error on appeal is a question of law that this Court reviews *de novo*. Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010). Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." In conceding that no objection was made when the trial court held appellant in summary contempt, appellant argues that she did not object because she was not given the opportunity to do so and asks the Court to consider her appeal pursuant to Code § 8.01-384(A) or the "good cause" and "ends of justice" exceptions to Rule 5A:18.

The statutory exception of Code § 8.01-384(A) and the "good cause" exception within Rule 5A:18 both relate to why an objection was not timely made. Code § 8.01-384(A) provides, in relevant part, that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him . . . on appeal."

In this case, appellant had the opportunity to object, but she failed to do so. Despite announcing that appellant was remanded to the custody of the sheriff, the court did not immediately adjourn following pronouncement. The trial court continued a dialogue with the

Commonwealth before the proceeding concluded for the day. Appellant, who was a party to the proceeding and represented by counsel, was not foreclosed from speaking at the time the ruling was made. Because appellant failed to avail herself of the opportunity to object, Code § 8.01-384(A) and the "good cause" exception are inapplicable in this situation.

III.

"'The ends of justice exception is narrow and is to be used sparingly.'" Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). The litigant must affirmatively prove that a miscarriage of justice has actually occurred, not might have occurred, and that the error was "clear, substantial, and material." West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (citations omitted). "Determining whether the ends of justice exception should be applied requires the appellate court first to determine whether there was error as [appellant] contends and then 'whether the failure to apply the ends of justice provision would result in a grave injustice.'" Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 888-89 (2011) (quoting Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010)). "In other words, the ends of justice analysis is a two-step process: determining whether the alleged error occurred, and, if so, whether justice requires application of the ends of justice provision." Hines v. Commonwealth, 59 Va. App. 567, 572, 721 S.E.2d 792, 794 (2012).

It is well established that "a court is invested with power to punish for contempt." Higginbotham v. Commonwealth, 206 Va. 291, 294, 142 S.E.2d 746, 749 (1965). "Although the 'power of the court to punish is the same,' there are two distinct types of contempt, direct and indirect." Scialdone v. Commonwealth, 279 Va. 422, 442, 689 S.E.2d 716, 727 (2010) (quoting

<u>Burdett v. Commonwealth</u>, 103 Va. 838, 846, 48 S.E. 878, 881 (1904)). The Supreme Court has

addressed the distinction as follows:

> Except for a narrowly limited category of contempts, due process of law . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent "demoralization of the court's authority" before the public. If some essential elements of the offense are not personally observed by the judge, so that he must depend upon statements made by others for his knowledge about these essential elements, due process requires, according to the Cooke case, that the accused be accorded notice and a fair hearing as above set out.

<u>In re Oliver</u>, 333 U.S. 257, 275-76 (1948).

The facts evidenced by the record in this case are such that a summary proceeding was

inappropriate under the circumstances. Appellant's comments to the attorney were made in the

hallway during the lunch recess and outside of the hearing of the judge. Once court was back in

session, the Commonwealth's Attorney informed the trial court of appellant's comments. The

conduct that served as the basis for appellant's summary contempt occurred outside of the

presence of the court, thus the trial court's knowledge of the conduct necessarily depended on

statements made by others. It was, therefore, error to hold appellant in summary contempt.

Because summary contempt was not available, appellant has demonstrated a miscarriage of

justice sufficient to apply the ends of justice exception to Rule 5A:18. For the above-mentioned

reasons, we reverse her conviction for summary contempt.

<u>Reversed.</u>