Present:  All the Justices

PEERLESS INSURANCE COMPANY, ET AL.

v.  Record No. 061279     OPINION BY JUSTICE DONALD W. LEMONS
                                          June 8, 2007
COUNTY OF FAIRFAX

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Jr., Judge

This appeal involves a suit seeking to allocate financial responsibility between Peerless Insurance Company and Excelsior Insurance Company (collectively "Peerless") and the County of Fairfax (the "County") arising out of a tragic incident and resulting injuries to a child, Adam Afzall ("Adam").  In this appeal, we consider whether the trial court erred in sustaining the County's demurrers and plea in bar.

I. FACTS AND PROCEEDINGS BELOW

In its notice of appeal, Peerless stated that it appeals the trial court's final order sustaining the County's demurrer to the third amended motion for judgment, and "the [trial] court's interim orders."  Pursuant to Peerless' assignments of error, we must consider the trial court's ruling that sustained the County's demurrer to the County's third amended motion for judgment as well as the trial court's rulings that sustained the County's plea in bar and demurrer to the first and second amended motions for judgment, respectively.  Accordingly, we provide the following summary of the relevant facts and proceedings in the trial court.

## A. Facts

Burke Centre Conservancy ("Burke Centre") owns property subject to a storm water easement.  Peerless, the subrogee of Burke Centre, alleged the following facts in its motion for judgment and in each of its three amended motions for judgment.  On or about July 8, 2001, Adam, then nine years old, was "playing along an outdoor recreational path" which is the subject of the storm water detention easement owned and maintained by the County.  "After a rainfall, the storm water detention easement backed up making a large, deep, and dangerous pond."  Adam fell into the pond and sustained severe brain damage, reducing his mental age to that of a nine-month-old child.

The dry pond facility at issue is located at Burke Centre, Section 13-D-1, designated by the County as "9174DP Burke Centre, Section 13-D-1."  Fairfax County "expressly and impliedly agreed to maintain the easement."  "The pond was fed by storm water runoff from at least three inlets."  "By design, in a two-year storm, the pond would reach a depth of eleven feet within twenty-four minutes."

Sections 6-0303.6 and 6-1306.1 of "Fairfax County's Public Facilities Manual recognize the importance of the design and maintenance of a dry pond."  "The Fairfax County Department of Public Works and Environmental Services

undertook a duty, as part of its implied and express contractual obligations to maintain the easement and to maintain this dry pond." Nevertheless, on the day of Adam's injury, because of the County's failure to maintain the easement, "the outlet was impeded by a tire, trash and debris." "This resulted in a much larger and deeper than normal pond, which did not drain as fast as planned.

Additionally, the County's records "show spotty and inconsistent maintenance." "In the early 1990's the County made efforts to remove saplings on the dam, and to remove brush." However, more recently, "[c]ontrary to the requirements stated in the County's Public Facilities Manual: (1) no warning signs were posted; (2) the slopes were too steep; (3) the area was located in close proximity to residential and recreational areas but did not have low, flat entrances; (4) and the brush and bushes had been allowed to grow in the area." The County also did not put a fence around the dry pond, despite the fact that the dry pond had steep side slopes that were located in close proximity to areas where children were expected to play.

Peerless insured Burke Centre and settled the claims made against Burke Centre. Peerless is subrogated to the claims of its insured, Burke Centre, against the County. Peerless made a written demand pursuant to Code § 15.2-1245 upon the Fairfax

3

County Board of Supervisors (the "Board of Supervisors") to recover the full amount they paid to settle a personal injury case arising from this unfortunate incident. The Board of Supervisors rejected Peerless' claim against the County. Peerless appealed the Board of Supervisor's decision to the trial court pursuant to Code § 15.2-1246, by filing a motion for judgment on May 20, 2005.

In all but its third amended motion for judgment, Peerless alleged "[t]he County entered into an implied contract by accepting the easement to control storm water." Moreover, in only its second and third amended motions for judgment, Peerless alleged that Adam assigned and transferred all rights, claims or interest he had against others to Peerless.

## B. Proceedings Below

In response to Peerless' motion for judgment, the County filed a petition to place the terms of the settlement in the underlying suit under seal. The trial court ordered the motion for judgment including an ad damnum amount to be placed under seal.

In its motion for judgment as well as its first and second amended motions for judgment, Peerless alleged that the County breached its express and implied contractual obligations to maintain the storm water detention easement,

4

and Peerless was, therefore, entitled to contribution and indemnification. The County filed a demurrer and a plea in bar to Peerless' first amended motion for judgment. The plea in bar asserted, in part, that Count I, breach of implied contract, and Count II, breach of express contract, were barred by the statute of limitations applicable to personal injury actions. The trial court sustained the plea in bar as to the statute of limitations.

The County filed a demurrer to the second amended motion for judgment. The first two grounds of the demurrer stated:

1. The Second Amended Motion for Judgment fails to state a cause of action because there is no written contract and thus pursuant to Va. Code Ann. § 15.2-970 this action may not be brought.

2. The Second Amended Motion for Judgment fails to state a cause of action because as the plaintiffs allege in ¶ 13 that Adam Afzall was "playing along an outdoor recreational path that is the subject of a storm water detention easement, owned and maintained by Fairfax County," and thus pursuant to Va. Code Ann. § 29.1-509 this action may not be brought.

The trial court sustained the demurrer because it held that Code § 15.2-970 applied to the storm water detention easement at issue in this case.

In its third amended motion for judgment, Peerless stated for the first time that the County breached its statutory duty to indemnify Burke Centre pursuant to Code § 29.1-509. Additionally, Peerless asserted that the County was estopped

5

from denying the easement in question was for recreational

purposes.  Code § 29.1-509(E) provides:

> For purposes of this section, whenever any
> person . . . grants an easement to . . . any
> county, . . . concerning the use of, or access
> over, his land by the public for any of the
> purposes enumerated in subsections B [outlining
> recreational uses] and C of this section, the
> . . . county . . . with which the agreement is
> made shall hold a person harmless from all
> liability and be responsible for providing, or
> for paying the cost of, all reasonable legal
> services required by any person entitled to the
> benefit of this section as the result of a
> claim or suit attempting to impose liability.

The County filed a demurrer to the third amended motion

for judgment stating in part that Peerless failed to state a

cause of action because:

> 1. There is no written contract and thus
> pursuant to Code § 15.2-970 this action may not
> be brought.
>
> 2. Peerless alleges that [Adam] was "playing
> along an outdoor recreational path that is the
> subject of a storm water detention easement,
> owned and maintained by Fairfax County," and
> thus pursuant to Code § 29.1-509 this action
> may not be brought because the County is a
> landowner.

The trial court sustained the demurrer and dismissed the

third amended motion for judgment with prejudice.  The trial

court found:

> First, the defendant's inconsistent
> positions argument fails to recognize that the
> [] statement in the defendant's papers is a
> reformulation of the plaintiffs' allegations,
> and, in any event, such a statement does not

6

give rise to judicial estoppel because it is not a change of position with respect to facts.

Second, the issue, and I think the principal issue here is whether or not the easement granted was one for recreational purposes within the meaning of Virginia Code Section [29.1-509(E)].

I do not think that a recreational easement is defined by virtue of the duties that arise pursuant to [509(B)], and, in the absence of a specific recreational easement being pled, the demurrer is sustained.

Peerless filed a timely notice of appeal to this Court. We granted Peerless' petition for appeal on three assignments of error:

1. The trial court erred in ruling that Virginia Code § 15.2-970, which requires a written contract in order to bring suit against the County arising out of the construction of a dam, levee, [or] seawall, was applicable in this implied breach of contract case for the failure of the County to properly maintain a storm water easement.

2. The trial court erred in ruling that the Defendant's inconsistent positions in response to amended pleadings did not rise to the level of judicial estoppel and this ruling was clearly erroneous.

3. The trial court erred when it ruled the statute of limitations barred Plaintiffs' claims as subrogee of Burke Centre Conservancy because the plaintiffs' claims did not arise until the payment of the settlement.

The first assignment of error concerns the trial court's ruling that sustained the County's demurrer to Peerless' second amended motion for judgment because the trial court held that Code § 15.2-970 applied to storm water detention easements. The second assignment of error concerns the trial

7

court's final order that sustained the County's demurrer to the third amended motion for judgment because the trial court held that the doctrine of judicial estoppel did not apply in this case. The third assignment of error concerns the trial court's ruling that sustained the County's plea in bar to the first amended motion for judgment because the trial court held that Count I, breach of implied contract, and Count II, breach of express contract, were barred by the statute of limitations.

## II. ANALYSIS

The principles of appellate review that guide our consideration of this appeal are well-settled. "A demurrer admits the truth of the facts contained in the [motion for judgment], as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." Taboada v. Daly Seven, Inc., 271 Va. 313, 317-18, 626 S.E.2d 428, 429 (2006) (internal quotation marks omitted). The plaintiffs are "entitled to the benefit of all reasonable inferences that may be drawn from the facts alleged." Hamlet v. Hayes, 273 Va. 437, 439, 641 S.E.2d 115, 116 (2007).

### A. Code § 15.2-970

Code § 15.2-970 provides:

8

A. Any locality may construct a dam, levee, seawall or other structure or device, or perform dredging operations hereinafter referred to as "works," the purpose of which is to prevent the tidal erosion, flooding or inundation of such locality, or part thereof. The design, construction, performance, maintenance and operation of any of such works is hereby declared to be a proper governmental function for a public purpose.

B. No person, association or political subdivision shall bring any action at law or suit in equity against any locality because of, or arising out of, the design, maintenance, performance, operation or existence of such works but nothing herein shall prevent any such action or suit based upon a written contract. This provision shall not be construed to authorize the taking of private property without just compensation therefor and provided further that the tidal erosion, flooding or inundation of any lands of any other person by the construction of a dam or levee to impound or control fresh water shall be a taking of such land within the meaning of the foregoing provision.

(Emphasis added.) Accordingly, suits against a county, "because of, or arising out of, the design, maintenance, performance, operation or existence" of a dam or other structure or device, "the purpose of which is to prevent . . . flooding or inundation" of a county, may not be brought unless based upon a written contract. Code § 15.2-970. We hold that the trial court correctly held that Code § 15.2-970 applies to the storm water detention easement in this case.

9

Peerless first argues that Code § 15.2-970 was not intended to apply to storm water detention ponds; instead, the purpose of Code § 15.2-970 was to grant localities the power to erect dams, levees, seawalls, and other structures to prevent tidal erosion, flooding, or inundation. Peerless points to other statutes that generally provide the Commonwealth the power to regulate streams, lakes and tidal waters in support of this argument. Consequently, it argues that Code § 15.2-970 "does not control storm water detention ponds [as] can be seen from the multitude of other statutes regulating storm waters," such as Code §§ 15.2-1800, -2241, -740, -5158, 62.1-44.34:8. Peerless' argument is without merit.

Pursuant to rules of statutory construction, "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979). The Code sections cited by Peerless do not conflict with Code § 15.2-970. In fact, Code § 15.2-970 is the only statute that specifically provides sovereign immunity for any action against any locality "because of, or arising out of, the design, maintenance, performance, operation or existence of

10

such works," unless based upon a written contract or for the taking of private property without just compensation. Accordingly, the fact that other statutes address storm water detention ponds does not preclude the application of Code § 15.2-970 in this case.

Peerless next argues that a storm drainage system, which is used to remove water, is not analogous to a dam, levee, or seawall, which are used to hold back water. This argument also lacks merit. A plain reading of Code § 15.2-970 in conjunction with Peerless' motion for judgment establishes that the storm water detention pond is a dam or other structure whose purpose is to prevent flooding. Peerless admits as much in each of its motions for judgment, wherein it claimed that "[i]n the early 1990's the County made efforts to remove saplings on the dam, and to remove brush." (Emphasis added.)

Peerless additionally argues that the County never maintained that the purpose of the easement "was to prevent tidal erosion, flooding or inundation." This argument also fails. Even Peerless alleged in all but its third amended motion for judgment that "[t]he County entered into an implied contract by accepting the easement to control storm water." (Emphasis added.) Clearly, Peerless admits that the storm water easement was intended to prevent storm water flooding.

11

Finally, Peerless maintained at oral argument that Code § 15.2-970 does not apply beyond tidal areas.  However, the statutory language contradicts this argument.  The current version of Code § 15.2-970 in relevant part provides:  "Any locality may construct a dam, levee, seawall or other structure or device, . . . the purpose of which is to prevent the tidal erosion, flooding or inundation of such locality, or part therof."  (Emphasis added.)  We hold, as the trial court did, that "tidal" only modifies "erosion," not "flooding" or "inundation."  Consequently, Code § 15.2-970 does apply beyond tidal areas.

For these reasons, we hold that the trial court correctly held that Code § 15.2-970 applies to the storm water detention easement in this case.  Because there was no written contract between the County and Peerless, the subrogee of Burke Centre, the trial court did not err in sustaining the County's demurrer to the second amended motion for judgment.

## B. Judicial Estoppel

The County's demurrer to Peerless' second amended motion for judgment alleged:

> The Second Amended Motion for Judgment fails to state a cause of action because [Adam] was playing along an outdoor recreational path that is the subject of a storm water detention easement, owned and maintained by Fairfax County, and thus pursuant to Va. Code Ann. § 29.1-509 (LNMB 2004) this action may not be brought.

12

. . . .

> Accordingly, because the County is a landowner, as defined by Va. Code Ann. § 29.1-509(A), and [Adam] was using the County's easement for recreational purposes but paid no fee, the Second Amended Motion for Judgment fails to state a cause of action against the County and should be dismissed.

After the trial court sustained the County's demurrer to the second amended motion for judgment, Peerless filed the third amended motion for judgment in which it claimed that the County was "estopped to deny that the easement in question was for recreational purposes within the meaning of Va. Code § 29.1-509." On appeal, Peerless argues the County made a binding factual and legal assertion that the outdoor recreational path was owned and maintained by the County. Therefore, the County is judicially estopped from asserting a contrary position.

"[J]udicial estoppel forbids parties from assuming successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C., 269 Va. 315, 325, 609 S.E.2d 49, 53-54 (2005) (quotation omitted). In fact, the fundamental element of judicial estoppel is that the party sought to be estopped must be seeking to adopt a factual, rather than legal, position that is inconsistent with

13

a stance taken in prior litigation.  Id. at 326, 609 S.E.2d 54.  In this case, the County was not asserting inconsistent factual positions.  Instead, the County, as it must on demurrer, accepted Peerless' factual arguments for the purpose of demurrer only, and argued Code § 29.1-509(B) precludes the lawsuit.  The doctrine of judicial estoppel does not apply.

We hold that the trial court did not err in holding that the County did not assume inconsistent factual positions and that the doctrine of judicial estoppel was not applicable.

## C. Statute of Limitations

Peerless' first amended motion for judgment contained four counts:  Count I – Breach of Implied Contract; Count II – Breach of Express Contract; Count III – Contribution; and Count IV – Indemnification.  The trial court sustained the County's plea in bar of the statute of limitations to Counts I and II.

In its first amended motion for judgment, Peerless alleged it was the subrogee of Burke Centre.  As a subrogee, Peerless stepped into the shoes of Burke Centre and therefore, can have no greater rights than Burke Centre.  Reynolds Metals Co. v. Smith, 218 Va. 881, 883, 241 S.E.2d 794, 796 (1978).

Moreover, in only its second and third amended motions for judgment, Peerless alleged that Adam assigned and

14

transferred all rights, claims or interest he had against others to Peerless.

Significantly, in its motion for judgment and first amended motion for judgment, Peerless did not allege that Adam assigned and transferred all rights, claims or interest he had against others to Peerless.  Furthermore, Peerless only assigned error to the trial court's ruling that the statute of limitations barred Peerless' claims as the subrogee of Burke Centre.  Therefore, Peerless' claims that the statute of limitations was tolled for a minor or that a five-year statute of limitations governs the claims by the parents for injury to Adam is barred pursuant to Rule 5:25.

Peerless also claims that the trial court erred in sustaining the plea in bar of the statute of limitations to the indemnification and contribution claims.  However, the County only asserted that Counts I, breach of implied contract, and Count II, breach of express contract, were barred by the statute of limitations.  Because the County did not file a plea in bar that Count III, contribution, and Count IV, indemnification, were barred by the statute of limitations, the trial court did not sustain a plea in bar to those counts.

The statute of limitations applicable to unwritten contracts is three years.  Code § 8.01-246.  Because Peerless

did not file the lawsuit until May 20, 2005, more than three years after Adam was injured on July 8, 2001, the trial court properly sustained the County's plea in bar to the statute of limitations as to Count I, breach of implied contract, and Count II, breach of express contract.

We hold that the trial court correctly sustained the County's plea of the statute of limitations to Count I and Count II of the first amended motion for judgment.

### III. CONCLUSION

The trial court did not err in sustaining the County's demurrers and plea in bar.  Accordingly, we will affirm the judgment of the trial court.

Affirmed.

16