PRESENT:  All the Justices

TINA GILMAN

v.    Record No. 071364                          OPINION BY
                                        JUSTICE BARBARA MILANO KEENAN
COMMONWEALTH OF VIRGINIA                       February 29, 2008


          FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider a circuit court's adjudication

of a petty contempt conviction appealed from a juvenile and

domestic relations district court.  The issue we determine is

whether the contemnor had a Sixth Amendment right of

confrontation that was violated when the circuit court admitted

in evidence, under Code § 18.2-459, the certificate of the

district court judge reciting the factual circumstances

underlying the contempt adjudication.

     The facts of this case are not in dispute.  In 2004, the

Juvenile and Domestic Relations District Court of Henry County

(the Henry County district court) ordered Tina Gilman, whose

daughter had been placed in foster care, to submit to a drug

screening.  After Gilman failed the drug screening, the Henry

County district court convicted Gilman of contempt, ordered

Gilman to pay a $25 fine, and sentenced her to serve ten days in

jail.

     The "Contempt of Court Order and Certificate of Conviction"

(the certificate of conviction) issued by the Henry County

district court stated that that Gilman was found in contempt and was summarily punished in accordance with Code § 18.2-456, for disobedience and "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."  The certificate of conviction also included the Henry County district court judge's explanation of the "circumstances" of the contempt offense.  According to the judge's handwritten notes on the certificate of conviction, after Gilman had been ordered to submit to a drug test, she "said she needed something to drink and then left the building; upon being tested later, [the results were] positive for cocaine."

Gilman appealed her contempt conviction to the Circuit Court of Henry County (the Henry County circuit court).  During the proceeding on appeal, the Henry County circuit court admitted into evidence the certificate of conviction over Gilman's objection that admission of the document would violate her Sixth Amendment right of confrontation.  Gilman did not present any evidence.  The Henry County circuit court convicted Gilman of contempt and sentenced her to serve a term of five days in jail.

On appeal to the Court of Appeals, Gilman contended that the Henry County circuit court erred in receiving in evidence the certificate of conviction because it was inadmissible

2

testimonial hearsay under the holding in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  According to Gilman, admission of the certificate of conviction denied her the opportunity to cross-examine the judge who prepared the certificate.

In a published opinion, a three-judge panel of the Court of Appeals affirmed Gilman's conviction, holding that Gilman did not have a Sixth Amendment right of confrontation in the Henry County circuit court proceeding.  <u>Gilman v. Commonwealth</u>, 48 Va. App. 16, 628 S.E.2d 54 (2006).  On rehearing en banc, an evenly divided Court of Appeals vacated the panel's decision and affirmed Gilman's conviction without opinion.  <u>Gilman v. Commonwealth</u>, 49 Va. App. 1, 635 S.E.2d 309 (2006).  We awarded Gilman this appeal.

Gilman argues that the Henry County circuit court's admission of the certificate of conviction violated her Sixth Amendment right to be confronted with the witnesses against her. She asserts that the certificate was testimonial in nature because it was prepared with knowledge that it would be used in a later proceeding, which she maintains was a de novo trial in the Henry County circuit court.  Gilman contends that under the holding in <u>Crawford</u>, the certificate of conviction was testimonial hearsay because it contained factual statements involving her conduct offered to prove the truth of the matters asserted.  Therefore, according to Gilman, the decision in

3

*Crawford* precluded admission of the certificate because she did not have a prior opportunity to cross-examine the Henry County district court judge regarding the statements contained in the certificate. We disagree with Gilman's arguments.

We first consider the general nature of the contempt power of courts and the basic principles that govern summary contempt adjudications. All courts in this Commonwealth have the power to impose penalties for contemptuous conduct. Code § 16.1-69.24; Code §§ 18.2-456 through -458. A court's authority to punish contemptuous conduct is exercised to preserve the power of the court and to vindicate the court's dignity. International Union v. Bagwell, 512 U.S. 821, 831-32 (1994); Morrissey v. Virginia State Bar, 260 Va. 472, 480, 538 S.E.2d 677, 681 (2000); Leisge v. Leisge, 224 Va. 303, 307, 296 S.E.2d 538, 540 (1982); Local 333B, United Marine Div. v. Commonwealth, 193 Va. 773, 784-85, 71 S.E.2d 159, 166 (1952).

A contempt of court may be direct or indirect. Generally, a direct contempt is one committed in the presence of the court. See Bagwell, 512 U.S. at 832; Davis v. Commonwealth, 219 Va. 395, 397, 247 S.E.2d 681, 682 (1978); Burdett v. Commonwealth, 103 Va. 838, 845-46, 48 S.E. 878, 880-81 (1904). An indirect or constructive contempt is one that has occurred outside the presence of the court. See Bagwell, 512 U.S. at 833; Davis, 219 Va. at 397-98, Burdett, 103 Va. at 845-46, 48 S.E. at 880-81.

4

A petty contempt, which may be direct or indirect, is one punishable under a statute that authorizes no more than six months' imprisonment.  See Taylor v. Hayes, 418 U.S. 488, 495 (1974); Cheff v. Schnackenberg, 384 U.S. 373, 379-80 (1966). The contempt statutes under which Gilman was convicted permit a maximum penalty of ten days' imprisonment and a fine of $250. See Code §§ 18.2-456 and -458.  Thus, in the present case, Gilman was convicted of a petty, direct contempt.[1]

A petty, direct contempt may be subject to summary adjudication.  Bagwell, 512 U.S. at 832; Cooke v. United States, 267 U.S. 517, 534 (1925); see Higginbotham v. Commonwealth, 206 Va. 291, 294, 142 S.E.2d 746, 749 (1965); Code § 18.2-456.  In a summary adjudication, no evidence or further proof is required because the court has observed the offense.  Cooke, 267 U.S. at 534; see Fisher v. Pace, 336 U.S. 155, 159-60 (1949); In re Chaplain, 621 F.2d 1272, 1275 (4th Cir. 1980).

The Supreme Court has emphasized that Sixth Amendment rights do not apply to adjudications for contempt, including those of petty, direct contempt.  "While contempt may be an offense against the law and subject to appropriate punishment, certain it is that since the foundation of our government proceedings to punish such offenses have been regarded as sui

---

[1] Gilman does not contest the characterization of her conviction as one of direct contempt.

generis and not 'criminal prosecutions' within the Sixth Amendment or common understanding."  Myers v. United States, 264 U.S. 95, 104-05 (1924); accord Levine v. United States, 362 U.S. 610, 616 (1960); Sassower v. Sheriff of Westchester County, 824 F.2d 184, 188 (2d Cir. 1987); United States v. Bukowski, 435 F.2d 1094, 1100-01 (7th Cir. 1970).

Because criminal contempt proceedings are not "criminal prosecutions," the protections of the Sixth Amendment do not apply to such proceedings.  See Levine, 362 U.S. at 616; Sassower, 824 F.2d at 188; Bukowski, 435 F.2d at 1100-01. Instead, the safeguards applicable in such cases are protections of fairness guaranteed by the due process clause of the Fifth and Fourteenth Amendments.  Sassower, 824 F.2d at 188; United States v. Martinez, 686 F.2d 334, 343 (5th Cir. 1982); Bukowski, 435 F.2d at 1100-01.  Summary adjudications for petty, direct contempt repeatedly have been held to provide due process of law.  Fisher, 336 U.S. at 160; In re Chaplain, 621 F.2d at 1276; In re Manufacturers Trading Corp., 194 F.2d 948, 956 (6th Cir. 1952).

Based on these constitutional distinctions, we hold that Gilman did not have a Sixth Amendment right of confrontation that could be asserted in her contempt adjudication in the Henry County circuit court.  This conclusion is not altered by Gilman's contention that she acquired a Sixth Amendment right of

6

confrontation in the Henry County circuit court because the statutes governing appeals to that court provided her a trial de novo.  An examination of the statutory appeal process for contempt adjudications directly refutes that contention.

Code § 16.1-69.24, which provides for appeals from summary contempt adjudications in the district courts, states in relevant part:

> A judge of a district court shall have the same powers and jurisdiction as a judge of a circuit court to punish summarily for contempt . . . . From any such fine or sentence there shall be an appeal of right within the period prescribed in this title and to the court or courts designated therein for appeals in other cases and the proceedings on such appeal shall conform in all respects to the provisions of §§ 18.2-456 through 18.2-459.

The procedures for such appeals are detailed in Code § 18.2-459, which provides:

> Any person sentenced to pay a fine, or to confinement, under § 18.2-458, may appeal therefrom to the circuit court of the county or city in which the sentence was pronounced, upon entering into recognizance before the sentencing judge, with surety and in penalty deemed sufficient, to appear before such circuit court to answer for the offense. If such appeal be taken, a certificate of the conviction and the particular circumstances of the offense, together with the recognizance, shall forthwith be transmitted by the sentencing judge to the clerk of such circuit court, who shall immediately deliver the same to the judge thereof.  Such judge may hear the case upon the certificate and any legal testimony adduced on either side, and make such order therein as may seem to him proper.

In contrast, Code §§ 16.1-132 and -136, on which Gilman relies in asserting her confrontation claim, provide among other

7

things a general right of appeal from criminal convictions in the district courts.  Code § 16.1-132 states, in relevant part:

> Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, . . . to appeal to the circuit court.

Code § 16.1-136, which addresses the de novo nature of appeals taken under Title 16, provides in material part:

> Any appeal taken under the provisions of this chapter shall be heard de novo in the appellate court and shall be tried without formal pleadings in writing . . . [T]he accused shall be entitled to trial by a jury in the same manner as if he had been indicted for the offense in the circuit court.

This issue of statutory interpretation, namely, whether these various provisions effectively confer Sixth Amendment rights on a contemnor appealing a summary contempt adjudication of a district court, presents a pure question of law.  See Miller v. Highland County, 274 Va. 355, 364, 650 S.E.2d 532, 535 (2007); Budd v. Punyanitya, 273 Va. 583, 591, 643 S.E.2d 180, 184 (2007); Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006).  We resolve this question under the established principle of statutory construction that when certain statutes address a subject in a general manner and other statutes address part of the same subject in a more specific manner, the differing statutes should be harmonized, if possible, and when they conflict, the more specific statutes prevail.  Peerless Ins. Co. v. County of Fairfax, 274 Va. 236, 244, 645 S.E.2d 478,

8

483 (2007); Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439-40, 621 S.E.2d 78, 87 (2005); Capelle v. Orange County, 269 Va. 60, 65, 607 S.E.2d 103, 105 (2005).

Here, the provisions of Code § 16.1-69.24 and Code § 18.2-459 address the specific subject of appeals from summary contempt adjudications in the district courts, while the provisions of Code §§ 16.1-132 and –136 address the general subject of appeals from the district courts.  Thus, to the extent that the more specific provisions of Code § 16.1-69.24 and Code § 18.2-459 are in conflict with the general provisions of Code §§ 16.1-132 and -136, the more specific statutes prevail.  See Peerless Ins., 274 Va. at 244, 645 S.E.2d at 483; Alliance to Save the Mattaponi, 270 Va. at 439-40, 621 S.E.2d at 87; Capelle, 269 Va. at 65, 607 S.E.2d at 105.

Code § 16.1-69.24 directs that appeals from summary contempt adjudications in the district courts shall be conducted in conformance with Code §§ 18.2-456 through –459.  Pursuant to Code § 18.2-459, the contemnor appears before the circuit court "to answer for the offense," and the circuit court judge presiding over the matter "may hear the case upon the certificate and any legal testimony adduced on either side." Id.

We conclude that these specific provisions of Code § 18.2-459 are in conflict with the general trial de novo provisions of

9

Code § 16.1-136.  In a trial de novo, the judgment of the district court is annulled as if there had been no previous trial.  See Walker v. Department of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982); Gaskill v. Commonwealth, 206 Va. 486, 490-91, 144 S.E.2d 293, 296-97 (1965).  Under Code § 18.2-459, however, a circuit court judge hearing an appeal of a summary contempt adjudication may consider as evidence the district court judge's factual summary of the events that occurred during the district court proceedings.

Because the provisions of Code § 16.1-69.24 and Code § 18.2-459 must prevail over the more general provisions of Code §§ 16.1-132 and -136, we conclude that a contemnor appealing an adjudication of summary contempt does not receive a trial de novo in the circuit court with attendant Sixth Amendment protections and, thus, does not have a Sixth Amendment right of confrontation in that summary contempt adjudication in the circuit court.  By enacting specific statutes distinguishing appeals of summary contempt adjudications from other appeals in which there is a right to a trial de novo, the General Assembly has implicitly recognized the Supreme Court's determination that contempt adjudications are not "criminal prosecutions" subject to the protections of the Sixth Amendment.  See Levine, 362 U.S. at 616; Sassower, 824 F.2d at 188; Bukowski, 435 F.2d at 1100-1101.  Accordingly, we hold that Gilman did not have a Sixth

10

Amendment right of confrontation in her contempt adjudication in the Henry County circuit court.[2]  Thus, the Court of Appeals did not err in affirming the judgment of the Henry County circuit court.

For these reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.

---

[2] Based on our holding, we disagree with the Court of Appeals' analysis in Baugh v. Commonwealth, 14 Va. App. 368, 417 S.E.2d 891 (1992).  To the extent that the holding in Baugh is inconsistent with the holding we express here, we overrule that portion of the Court of Appeals' decision.

11