COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Humphreys and Huff
Argued at Chesapeake, Virginia


JAMES G. CARTIER

MEMORANDUM OPINION[*] BY
v.        Record No. 0960-12-1                   JUDGE GLEN A. HUFF
MARCH 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

James L. Grandfield (James G. Cartier, *pro se*, on brief), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


James G. Cartier ("appellant") appeals his conviction of summary contempt, in violation

of Code § 18.2-456(1). The Circuit Court of the City of Suffolk ("trial court") imposed a fine of

$150 as punishment for the contempt. On appeal, appellant contends that the trial court erred in

finding the evidence sufficient to convict him of summary contempt of court. For the following

reasons, this Court reverses and dismisses appellant's conviction.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed,

the evidence is as follows.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant, an attorney with the Suffolk Public Defender's Office, was court appointed to represent Michael T. Spratley ("Spratley") on a criminal charge. At Spratley's arraignment on October 13, 2011, Spratley entered a plea of not guilty and waived his right to a jury trial.[1] The matter then was set for a bench trial on January 6, 2012. On or about November 29, 2011, Spratley sent a letter to appellant indicating that he wanted to be tried by a jury. In December, appellant visited Spratley at least two times at the regional jail and advised him against a jury trial.

Appellant met with Spratley again on January 4, 2012, at which time Spratley was adamant that he wanted a jury trial. Around 4:00 p.m. that day, appellant notified the Commonwealth's attorney by telephone that Spratley wanted to revoke his previous waiver of a jury trial and wished to be tried by a jury. On January 5, 2012, appellant filed a pleading on behalf of Spratley revoking his previous waiver of a jury trial and requesting a jury trial.

On January 6, 2012, when Spratley's case was called for trial, the Commonwealth indicated that it was ready to proceed, but noted that there was a motion that needed to be addressed. Appellant then presented Spratley's motion to revoke his previous waiver of a jury trial. Appellant stated that Spratley had notified him in mid-November 2011 that he wanted a jury trial and that Spratley continued to indicate his desire for a jury trial during his various meetings with appellant in December. Appellant further stated that during the January 4, 2012 meeting with Spratley, Spratley was adamant that he wanted a jury trial because he wanted to tell his story to a jury. The trial court then asked appellant the cause for the delay in filing a pleading regarding the revocation. Appellant stated that he had been talking to Spratley regarding the pros and cons of a plea offer as well as a trial by jury, and admitted it was his fault for failing to

---

[1] At the time of the arraignment, Spratley was considering a plea offer from the Commonwealth, which expired on October 13, 2011.

immediately advise the trial court of Spratley's decision in November. The Commonwealth then objected to appellant's motion, "put on the record that a jury [could not] be accommodated today," and indicated that a trial date would not be available to be set for another three or four months.

At the conclusion of arguments, the trial court granted Spratley's motion to revoke his waiver of a trial by jury, and set the matter for a jury trial on April 23, 2012.[2] In granting the motion to revoke, the trial court stated, "I cannot conclude from what[ ha]s been represented by both sides that this is for purposes of delay. As a matter of fact, I[ a]m hearing it[ i]s perhaps for other reasons, that whatever the plea agreement negotiations were." The trial court then granted the Commonwealth's motion for sanctions in the amount of $150 to reimburse the City of Suffolk for the overtime pay of the off-duty police officer who had waited that day to appear as a witness due to appellant's "failure to promptly file the motion after requested by his client . . . ."[3]

On January 25, 2012, appellant filed a motion to vacate the order of sanctions entered on January 18, 2012, and the trial court stayed the sanction order by order dated the same day. The trial court continued the April 4, 2012 scheduled hearing on appellant's motion to vacate so that Spratley could be present. On April 23, 2012, Spratley, represented by new counsel, entered a plea of guilty to the criminal charge. After the trial court accepted Spratley's guilty plea, the trial court addressed appellant's motion to vacate the order of sanctions. The trial court granted

---

[2] On March 26, 2012, Spratley appeared in the trial court with his new counsel and attempted to waive his trial by jury. The trial court denied his waiver, and the matter remained on the docket for a jury trial on April 23, 2012.

[3] The Commonwealth initially asked for sanctions to be imposed against the Indigent Defense Commission. Appellant, however, responded "I understand it was not timely on my part. I would personally rather take the sanction rather than my organization. It should[ ]n[o]t fall on IDC. It was my failure to have it done timely." The trial court subsequently imposed sanctions against appellant personally.

appellant's motion in part and vacated the previous sanctions imposed as it lacked authority to do so, pursuant to Nusbaum v. Berlin, 273 Va. 385, 641 S.E.2d 494 (2007).

The trial court then denied appellant's motion in part explaining that although it had not used the word "contempt" in the January 18, 2012 order, it had analyzed the issue as one of contempt, considered "the use of the word sanction by the [trial c]ourt . . . at that time back on January 6th as being a determination of a contempt process," and thus was denying appellant's motion to vacate in part. Specifically, the trial court found that appellant's failure to timely bring the matter to the trial court's attention – to notify the trial court – "clearly interrupt[ed] the administration of justice," occurred in the presence of the trial court, and was due to appellant's misbehavior. The trial court further stated that the misbehavior was the "failure of an attorney to bring an issue before the [trial c]ourt on a prompt basis once that attorney knows that an issue needs to be addressed, . . . ." The trial court then found, and reiterated that it had previously found, appellant was in direct contempt of court "for his failure to bring this issue to the [trial court's] determination once . . . Spratley[,] after advice of counsel[,] had made the decision that he wished to seek a withdrawal of his waiver of jury, failing to do that until literally . . . 48 hours or less of the trial date . . . ."

After appellant's counsel asked for clarification on the trial court's ruling, the trial court replied that "[t]he ruling is not with [Spratley] indicating that he did not wish to waive his right to a jury trial. It[ i]s with the delay in [Spratley's] request being brought to the attention of the [trial c]ourt." The trial court continued by asserting that they were really dealing with a constitutional right to a jury trial, and if a defendant requests a jury trial, it needs to be brought before the trial court promptly, which was the failure in the present case. Specifically, the trial court concluded by stating, "[t]hat was the failure in this case, it was[ ]n[o]t brought to the attention of the [trial c]ourt on a prompt basis. That[ i]s the issue."

Prior to making its ruling and during appellant's counsel's argument, appellant's counsel indicated that the proper standard of proof in a criminal contempt proceeding is proof beyond a reasonable doubt. The trial court replied, "If you want to characterize it as criminal you may do so, but this is a contempt issue." Appellant's counsel then noted that "[c]ontemptuous is a category of a criminal offense," and the standard of proof is beyond a reasonable doubt. The trial court replied that it did not "think the proof level in this case is at issue." Appellant's counsel then stated, "[w]ell, proof as to whether the conduct that[ i]s not an issue rises to the concept of misbehavior." The trial court concluded by replying, "I[ a]m sorry, the proof of the facts."

The trial court then denied the motion to vacate the order of sanctions in part holding that appellant's actions constituted contempt as defined by Code § 18.2-456(1) and imposed a fine of $150. The written order was entered on April 26, 2012.

On May 11, 2012, appellant filed a written objection to the trial court's April 26, 2012 order as well as a separate motion to set aside the finding of contempt. The trial court granted the written objection to the extent that it requested the trial court amend the April 26, 2012 order to reflect that the trial court specifically found appellant in contempt under subsection (1) of Code § 18.2-456. On May 17, 2012, the trial court issued an order *nunc pro tunc* to April 26, 2012 amending the order as requested. The trial court also entered a separate order on May 17, 2012, denying appellant's motion to set aside the finding of contempt and denying further hearing on the issue. This appeal followed.

## II. STANDARD OF REVIEW

In a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447

- 5 -

(2003) (en banc) (quoting <u>Davis v. Commonwealth</u>, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). The reviewing court, under this standard, does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> at 319 (emphasis in original).

### III. ANALYSIS

On appeal, appellant contends that "[t]he trial court erred when it found the evidence sufficient to convict [appellant] of summary contempt of court under Virginia Code § 18.2-456(1)."[4] Specifically, appellant asserts that the trial court erred 1) "when it distinguished behavior it believed to be of a contemptuous level from the required burden of proof of beyond a reasonable doubt in all criminal cases"; 2) in finding the evidence sufficient to convict appellant of contempt as appellant lacked the requisite intent to be contemptuous to the trial court or obstruct or interrupt the administration of justice; and 3) in finding appellant's failure to timely notify the trial court of Spratley's desire to exercise a constitutional right was the misbehavior in the presence of the trial court.[5]

---

[4] The Commonwealth asserts that appellant's assignment of error is insufficient, pursuant to Rule 5A:12(c)(1)(ii), and contends that the appeal should be dismissed. We decline to do so, however, as appellant's assignment of error specifically claimed the evidence was insufficient to support the summary contempt conviction under Code § 18.2-456(1) and did not "merely state[] that the judgment or award is contrary to the law and the evidence is not sufficient." Rule 5A:12(c)(1)(ii).

[5] Appellant on brief also hints at arguing that the trial court's hearing on contempt three months after the fact was not done summarily, as contemplated by Code § 18.2-456, and that its finding of contempt only occurred after the trial court realized it lacked authority to impose sanctions, pursuant to <u>Nusbaum</u>, 273 Va. 385, 641 S.E.2d 494. Appellant, however, did not present this issue below, and thus did not preserve it for appeal. Rule 5A:18.

A.  Burden of Proof

Appellant first contends that the trial court "committed reversible error when it distinguished behavior it believed to be of a contemptuous level from the required burden of proof of beyond a reasonable doubt in all criminal cases."

"A person charged with criminal contempt is entitled to the benefit of the presumption of innocence, and the burden is on the prosecution to prove the guilt of the accused." Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 8 (1986) (citing Bryant v. Commonwealth, 198 Va. 148, 152, 93 S.E.2d 130, 133 (1956); Calamos v. Commonwealth, 184 Va. 397, 404-05, 35 S.E.2d 397, 400 (1945)).  "Mere preponderance of evidence is not sufficient to convict, but the offense charged must be proved beyond a reasonable doubt." Id. (citing Nicholas v. Commonwealth, 186 Va. 315, 321-22, 42 S.E.2d 306, 310 (1947)).

In the present case, appellant correctly states that the proper standard of proof for summary contempt is proof beyond a reasonable doubt.  While the record seems to indicate that the trial court may have been confused during the hearing, the record does not show that the trial court actually applied the incorrect standard of proof as appellant alleges in finding appellant guilty of criminal contempt.  Accordingly, we hold that the trial court did not err as appellant alleges.

B.  Intent

Appellant next asserts that the trial court erred in finding the evidence sufficient to convict him of contempt as appellant lacked the requisite intent to be contemptuous to the trial court or to obstruct or interrupt the administration of justice.

"'It has long been recognized and established that a court is invested with power to punish for contempt.'" Scialdone v. Commonwealth, 279 Va. 422, 442, 689 S.E.2d 716, 727 (2010) (quoting Higginbotham v. Commonwealth, 206 Va. 291, 294, 142 S.E.2d 746, 749

(1965)). Code § 18.2-456(1) specifically provides that courts may find an individual guilty of contempt, and summarily punish them, if the individual's "[m]isbehavior [occurs] in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."

> The exercise of this power, however, "is a delicate one and care is needed to avoid arbitrary or oppressive conclusions." Cooke v. United States, 267 U.S. 517, 539 (1925). "[T]he limits of the power to punish for contempt are 'the least possible power adequate to the end proposed.'" Harris v. United States, 382 U.S. 162, 165 (1965).

Scialdone, 279 Va. at 442, 689 S.E.2d at 727 (alteration in original).

"'[A] court's authority to punish contemptuous conduct is exercised to preserve the power of the court and to vindicate the court's dignity.'" Singleton v. Commonwealth, 278 Va. 542, 549, 685 S.E.2d 668, 672 (2009) (quoting Gilman v. Commonwealth, 275 Va. 222, 227, 657 S.E.2d 474, 476 (2008)). "Thus, in criminal contempt proceedings, it is essential to consider whether the accused intended to undermine this authority." Id. "For more than a century, Virginia courts have required the element of intent in order to sustain a criminal contempt conviction." Id.; see also Carter, 2 Va. App. at 397, 345 S.E.2d at 8 ("'It has been stated that *intent* is a necessary element in criminal contempt, and that no one can be punished for a criminal contempt unless the evidence makes it clear that he intended to commit it.'" (quoting 17 Am. Jur. 2d Contempt § 8 (1964))). "The record in such cases must contain more than the bare *conclusion* that the defendant's conduct was insolent, insulting, boisterous or the like. . . . The record must show facts to support proof that the contempt was committed *willfully*." Carter, 2 Va. App. at 397, 345 S.E.2d at 8.

In the present case, the evidence in the record is insufficient to establish that appellant intended "to obstruct or interrupt the administration of justice." Code § 18.2-456(1). While appellant admitted that the notification was not timely and was due to his failure, appellant indicated that he previously had not notified the trial court because he still was discussing the

pros and cons of Spratley revoking his waiver as well as the plea agreement with Spratley. Although appellant's actions may not have been timely, the evidence in the record does not establish that appellant intended to be contemptuous or to interrupt or obstruct the administration of justice. Thus, the trial court was plainly wrong and without evidence to support its judgment. Accordingly, we hold that the trial court erred as the evidence was insufficient to convict appellant of summary contempt.

Appellant also contends that the trial court erred in finding appellant's failure to notify the trial court of Spratley's desire to exercise a constitutional right was misbehavior in the presence of the trial court. Because we hold that the trial court erred in finding the evidence sufficient in the absence of intent, we need not consider appellant's challenge to the finding of misbehavior. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) ("An appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

## IV. CONCLUSION

Based on the foregoing, we hold that the trial court did not apply an incorrect burden of proof, but that the trial court was plainly wrong in finding the evidence sufficient to convict appellant of summary contempt in that there was no evidence that appellant intended to obstruct or interrupt the administration of justice in this case. Therefore, we reverse and dismiss appellant's conviction of summary contempt.

Reversed and dismissed.