COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Alston and AtLee
Argued at Richmond, Virginia


VICTOR CLAY BARRINGER

                                            MEMORANDUM OPINION* BY
v.        Record No. 0235-17-3                JUDGE ROSSIE D. ALSTON, JR.
                                               FEBRUARY 27, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Anita D. Filson, Judge

Cerid Lugar (Mark Steven Osborne, II; Lugar Law, on brief), for
appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial in the Circuit Court of Rockbridge County ("trial court"), Victor

Clay Barringer ("appellant") was convicted of misdemeanor reckless driving under Code

§ 46.2-856.  This section provides, in relevant part, that "[a] person shall be guilty of reckless

driving who passes or attempts to pass two other vehicles abreast, moving in the same direction,

except on highways having separate roadways of three or more lanes for each direction of travel,

or on designated one-way streets or highways."  On appeal, appellant asserts that the trial court

erred by finding that the exception contained within the statute did not apply to his conduct.

Alternatively, appellant asserts that the entire statute is inapplicable to his conduct.  For the

reasons stated below, we agree with appellant that the statute does not apply.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On August 7, 2016, appellant was traveling northbound on Interstate 81 when he became caught in a traffic jam due to a car accident. Attempting to avoid the gridlock, appellant steered his vehicle onto the shoulder of Interstate 81 to bypass several other vehicles and exit the highway via an exit ramp. No sign authorizing or directing the use of the shoulder was posted. A state trooper observed appellant's conduct, initiated a traffic stop, and issued a summons under Code § 46.2-856.

At his bench trial in the trial court, appellant argued that the exception within the statute applied to his conduct. That exception allows a passing movement if the highway has three or more lanes of travel, and the section of Interstate 81 where the incident occurred has three lanes of travel and an emergency shoulder. The trial court disagreed, convicted appellant under the statute, and imposed a fine of $250. This appeal followed.

ANALYSIS

On appeal, appellant requests that this Court either hold that the exception within the statute permits his conduct, or alternatively, construe the entire statute as inapplicable. Because we conclude that the statute is inapplicable to appellant's conduct, we do not address appellant's first argument.

"[T]o the extent the appellant's assignment of error requires 'statutory interpretation, it is a question of law reviewed *de novo* on appeal.'" Coomer v. Commonwealth, 67 Va. App. 537, 545, 797 S.E.2d 787, 791 (2017) (quoting Grimes v. Commonwealth, 288 Va. 314, 318, 764 S.E.2d 262, 264 (2014)). Case law directs that courts must apply the plain meaning of a statute and may not add to or ignore the text of the Code. Signal Corp. v. Keane Fed. Sys., 265 Va. 38, 46-47, 574 S.E.2d 253, 257 (2003). In other words, "[w]hen the language of a statute is *plain and unambiguous*, we are bound by the plain meaning of that language." Vaughn, Inc. v. Beck,

262 Va. 673, 677, 554 S.E.2d 88, 90 (2001) (emphasis added) (citing Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001)).

This Court has not yet considered a case challenging the applicability of Code § 46.2-856, but a reasonable interpretation of the plain language of Code § 46.2-856 clearly manifests an effort by the General Assembly to regulate highway traffic by limiting passing movements unless certain circumstances are present. This desire to minimize accidents and dangerous driving accomplishes that objective by only allowing drivers to pass two other vehicles abreast when travelling on a highway that has three separate lanes of travel, assuming that the third lane is sufficiently clear for a driver to safely engage in a passing movement.

Considering the legislative intent, it becomes apparent that the statute does not apply to appellant's conduct – the undisputed evidence is that appellant was not attempting to pass two vehicles abreast to proceed further down a highway. Rather, he was attempting to avoid a traffic jam by moving onto the shoulder and bypassing other vehicles while heading toward an exit ramp.[1]

---

[1] It is suggested that appellant engaged in conduct prohibited under the text of a different code section, Code § 46.2-841(B), which provides that

> [t]he driver of a vehicle may overtake and pass another vehicle on the right only under conditions permitting such movement in safety. Except where driving on paved shoulders is permitted by lawfully placed signs, no such movement shall be made by driving on the shoulder of the highway or off the pavement or main traveled portion of the roadway.

We express no opinion on the culpability of appellant under that statute. We do note, however, that "[w]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Peerless Ins. Co. v. Cty. of Fairfax, 274 Va. 236, 244, 645 S.E.2d 478, 483 (2007) (quoting Virginia Nat'l Bank v. Harris, Adm., 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)). Considering appellant's conduct under both statutes, it is clear that the two statutes cannot be harmonized and that Code § 46.2-841(B) prevails.

This Court notes that normally "the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney." Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989) (citing Davis v. Commonwealth, 4 Va. App. 27, 30, 353 S.E.2d 905, 907 (1987)). Nonetheless, "[p]enal statutes are to be strictly construed against the Commonwealth and in favor of the citizen's liberty." Martin v. Commonwealth, 224 Va. 298, 300, 295 S.E.2d 890, 892 (1982) (citing Cox v. Commonwealth, 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979)). This principle is so fundamental that the United States Supreme Court has stated that "[a defendant's] case must be plainly and unmistakably within the statute" before criminal liability can be imposed. United States v. Lacher, 134 U.S. 624, 628 (1890).

The applicability of Code § 46.2-856 to these facts is not "plain[] and unmistakabl[e]." In its brief, the Commonwealth concedes that appellant was charged under Code § 46.2-856 because "Code § 46.2-841 carrie[s] a significantly lesser penalty than Code § 46.2-856, which is a misdemeanor offense." The Commonwealth suggests that appellant's actions in this case were more egregious than mere improper passing because he was driving on the emergency shoulder. Even assuming that the Court agrees that appellant's conduct was especially egregious, to hold that appellant's conduct falls under the language of Code § 46.2-856 would require the Court to in essence force the proverbial square peg into the inconsequential round hole, and that we decline to do.[2]

Finally, the Court acknowledges that both parties engaged in extensive discussions in their briefs regarding the 2010 Attorney General's Opinion addressing the purpose of Code

---

[2] The Commonwealth further contends that allowing appellant to escape liability under Code § 46.2-856 "would thwart the very purpose of Code § 46.2-841" because "any vehicle, a passenger car or large tractor trailer, could use the emergency shoulder to pass vehicles abreast" on highways. Again, this is not an argument we will address in assessing the application of Code § 46.2-856 to appellant's conduct.

§ 46.2-856, but we respectfully find that that particular pronouncement is not helpful to the Court's analysis here, nor is it binding precedent that we must defer to. <u>Twietmeyer v. City of Hampton</u>, 255 Va. 387, 393, 497 S.E.2d 858, 861 (1998) (quoting <u>City of Virginia Beach v. Virginia Restaurant Assoc.</u>, 231 Va. 130, 135, 341 S.E.2d 198, 201 (1986)).

For the reasons stated above, we reverse appellant's conviction and dismiss the charge.

<u>Reversed and dismissed.</u>