Opinion.

Staunton.

PORTER v. COMMONWEALTH.

September 29, 1922.

1. INTOXICATING LIQUORS—*Appeal and Error—Evidence Sufficient to Support Verdict of Guilty for Having Possession of Appliances or Mash.*— In the instant case defendant was convicted of violation of section 21½ of the prohibition law, Acts of 1918, page 594, which provides that it shall be unlawful for any person to have in his possession any still, still cap, worm, tub, fermenter, or any of them or any other appliances connected with a still and used, or mash or other substances, capable of being used in the manufacture of ardent spirits. A federal prohibition officer and a county policeman testified to finding the appliances and a barrel containing mash upon the premises of defendant in his absence from home. Accused testified that he knew nothing about the appliances found on the premises and that the barrel found contained slop for hogs and not mash, and that he never manufactured any whiskey in his life.

   *Held:* That it was for the jury to settle all questions of conflict in the testimony, and, having determined these questions adversely to the accused, it could not be said that their verdict was plainly wrong or without evidence to support it.

2. INTOXICATING LIQUORS—*Sentence and Punishment—Violation of Section 21½ of the Prohibition Act.*—Upon a conviction for violating section 21½ of the prohibition act, Acts of 1918, page 594, a fine of $100.00 and sentence to confinement in the county jail for sixty days was that prescribed by section 5 of the prohibition act.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*Kilgore & Dotson*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

Burks, J., delivered the opinion of the court.

F. H. Porter was convicted of violating section 21½ of the prohibition law and fined $100 and sentenced to confinement in the county jail for sixty days.    The only error assigned is that the verdict is contrary to the law and the evidence, and is without evidence to support it.

So much of section 21½ of the prohibition law (Acts 1918, p. 594) as is necessary to be referred to in this case is as follows: "It shall be unlawful for any person, except duly licensed druggists, hospitals and laboratories, in this State to own or have in his possession any still, still cap, worm, tub, fermenter, or any of them or any other appliances connected with a still and used, or mash or other substances, capable of being used in the manufacture of ardent spirits, unless such owner shall be registered with the commissioner and obtain from him a permit to own such still, which permit shall be kept conspicuously posted at the place where such still is located."

The testimony of O. D. Cox, a witness called by the Commonwealth, was as follows:

"That he is a Federal prohibition officer; that he, together with John Hughes, a county policeman of Wise county, went to the home of the defendant, Frank Porter, whom they suspected of manufacturing ardent spirits; that there was a smoke house, or storage room, connected with the residence, in which smoke house they found a copper still worm lying up on the joists on some planks, which did not, however, have the appearance of having been recently used; that the house was built high up off the ground, so that they could easily see under it, and they went under the house and found a zinc wash tub fitted up with a cap and arm, and that it was capable of being used in the manufacture of ardent spirits;

that it had some rust on the outside; that they went into the kitchen, and that witness in searching around heard a sound like some substance in the process of strong fermentation, which sound he traced to a table setting beside the cook stove; that the table was covered with a cloth which extended down to the floor on all sides; that he removed the cloth covering and discovered a barrel of mash under the table; that the table was constructed so as to fit down over the barrel; that the barrel of mash was in process of strong and active fermentation, and was capable of being used in the manufacture of ardent spirits; that witness had had considerable experience as a prohibition officer, and was familiar with the materials used in the manufacture of ardent spirits and the process of manufacturing same; that the barrel of mash contained barley malt, which was necessary to produce a quick, strong fermentation; that they also found a bottle of moonshine whiskey in the house; that Frank Porter was not at home at the time, but his wife was there; that the defendant's home which was searched, and where the still and mash were found, was in Wise county, Va., and the search was made in November or December, 1920."

John Hughes, a county policeman who accompanied Cox, testified to the same effect.

The accused testified: "That he had been living in the house searched by the officers for about five years. That he knew nothing about the still worm that was found in the store room, and knew nothing about the zinc wash tub that was found by the officers under the house; that he did not know it was there. That the barrel that was found in the kitchen contained slop that they kept for their hogs, and that he had poured half a sack of chop into the barrel. That he had not manufactured any whiskey with the appliances that were

found there; had never manufactured any whiskey in his life, and did not intend to manufacture any whiskey with the barrel of material that was found in the kitchen. That the whiskey found in the house had been prescribed for his wife by a physician." The wife of the accused testified in substance to the same effect as her husband.

Boyd Dickenson, a colored witness called by the accused, testified: "That some time before Frank Porter's house was searched by the officers he was working in a field with a man by the name of Johnson, and that this man stated to him that they were going to work up a case against Frank Porter, so that the owner of the property occupied by Frank Porter would put him out of the house and that Johnson wanted to rent the house himself. That Porter afterwards moved out of the house and same is now occupied by Johnson."

[1, 2] This is all the testimony in the case. It was for the jury to settle all questions of conflict and inconsistency in the testimony, and, having determined these questions adversely to the accused, we are unable to say that their verdict is plainly wrong or without evidence to support it. The punishment imposed is that prescribed by section 5 of the act.

The judgment of the trial court must, therefore, be affirmed.

*Affirmed.*