COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Russell and Malveaux
Argued by videoconference


JOHN THOMAS ROBINSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0240-20-1                      JUDGE WILLIAM G. PETTY
                                                    JUNE 8, 2021

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                         Rufus A. Banks, Jr., Judge

            Erik A. Mussoni, Assistant Public Defender, for appellant.

            Sharon M. Carr, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        John Thomas Robinson appeals his conviction in the circuit court for contempt by failure to

appear, in violation of Code § 18.2-456.  He argues that the court erred in taking judicial notice of

the capias issued by the Chesapeake General District Court (GDC) for his failure to appear.  For the

reasons below, we affirm.

                                    I.  BACKGROUND

        Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal.  On

appeal, we review the evidence in the "light most favorable" to the Commonwealth.  Holloway

v. Commonwealth, 57 Va. App. 658, 663 (2011) (*en banc*).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Robinson was charged with felony petit larceny, third or subsequent offense, in violation of Code § 18.2-96 and § 18.2-104.[1]  His preliminary hearing in the GDC was set for February 12, 2019.  On that date, Robinson did not appear for the hearing.  The GDC issued a capias charging Robinson with summary contempt, failure to appear, in violation of Code § 18.2-456.  Robinson was arrested on the capias, and on June 18, 2019, the GDC found him guilty of failure to appear and sentenced him to five days in jail.  Robinson noted his appeal of the contempt conviction to the circuit court pursuant to Code § 18.2-459.[2]

On July 30, 2019, Robinson had a trial in circuit court for the felony larceny offense and the misdemeanor contempt charge.  He pled not guilty to both offenses.  As proof that Robinson failed to appear, the Commonwealth's Attorney asked the circuit court to "take judicial notice of the capias in the [c]ourt's file from the general district court" regarding Robinson's failure to appear on February 12, 2019.  The Commonwealth's Attorney stated, "I don't know if [the capias is] admitted as a Commonwealth's exhibit, but I'd ask the [c]ourt to take judicial notice of its own records."

Counsel for Robinson objected on the grounds that "if it's an order from general district court, I'm not sure it's this [c]ourt's own records.  So I'd object to the [c]ourt taking judicial notice."  The court noted that Robinson had been arraigned on the capias and confirmed with counsel for Robinson that Robinson's failure to appear charge was "before the Court."  The court then took judicial notice of the capias.

---

[1] Robinson's conviction for petit larceny, third offense, is not part of this appeal.

[2] An appeal to the circuit court of a conviction for summary contempt in the district court is governed by Code § 18.2-459 and not the more general appeal statute, Code § 16.1-136.  See Gilman v. Commonwealth, 275 Va. 222 (2008).

After the Commonwealth rested, Robinson made a motion to strike on both charges. On the failure to appear charge, he argued, "the Court took judicial notice that the capias was issued that day, but there was no additional evidence." The court denied the motion to strike.

Robinson then testified on his own behalf. He testified that on February 12, 2019, the date he was supposed to be in court, he was at the hospital because of a scabies outbreak in his house. He introduced a medical record confirming his presence as a patient in the hospital on that day. On cross-examination, Robinson admitted that he knew he was supposed to appear in the GDC at 10:00 a.m. on that day and that he called the clerk of court to say he would not be there. He admitted that he went to the hospital in the morning, was discharged that same day at 9:11 a.m., but did not come to court because he believed he was not "supposed to have contact with anybody" as a result of the scabies outbreak. In Robinson's renewed motion to strike, he argued that his failure to appear was "not a willful contempt of court." The circuit court found Robinson guilty of both charges.

## II. ANALYSIS

Robinson argues that the circuit court erred in taking judicial notice of the capias issued by the district court. He argues that the circuit court could not take notice of the capias because the capias was a lower court record, because Virginia Rule of Evidence 2:201 did not authorize judicial notice, and because the proceeding was one for plenary contempt, not summary

contempt.[3]  Assuming without deciding that the circuit court erred in admitting the records, we hold that Robinson waived this argument.[4]

When a party "unsuccessfully objects to evidence [that] he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection.'" Drinkard-Nuckols v. Andrews, 269 Va. 93, 101 (2005) (quoting Hubbard v. Commonwealth, 243 Va. 1, 9 (1992)).  This rule does not apply to evidence the party elicits in cross-examination or with rebuttal testimony, but it does apply to the evidence introduced in the party's case-in-chief. Id. at 102-03.  For the waiver rule to apply, the evidence to which the party objected must concern the same "subject matter" as the evidence later produced.  Id. at 102.  In Drinkard-Nuckols, the appellant had made a motion *in limine* to preclude admission of "expectation evidence," which would have proven the negligence of health care providers other than the defendant, but she later produced such evidence in her case-in-chief.  Id. at 103.  In response to the argument that she waived her objection to the inadmissibility of the evidence, the appellant argued that she was permitted to introduce the evidence because "the parties knew" the court would admit expectation evidence, based on its ruling to her motion.  Id.  The Court did not address the merits of the appellant's argument, holding that "[e]ven if such evidence was

---

[3] At the time of Robinson's conviction, Code § 18.2-456 did not expressly encompass willful failure to appear.  The most applicable provision authorized the court to punish for summary contempt for the "Disobedience or resistance of . . . [a] person to any lawful process, judgment, decree or order of the court."  In 2019, the General Assembly amended the statute and added a paragraph for willful failure to appear.  However, the assignment of error in this appeal is limited to the admissibility of the capias and does not assign error to the conviction. Accordingly, for purposes of this opinion we will assume that Robinson was properly convicted under the statute.

[4] We do not decide today whether a circuit court has authority to take judicial notice of a general district court's records when hearing a case on appeal, because "[t]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" Commonwealth v. White, 293 Va. 411, 419 (2017) (alteration in original) (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015)).  Here, the best and narrowest grounds is to conclude that the argument is waived.

inadmissible . . . 'it furnishes no ground for reversal.'" Id. at 104 (quoting Snarr v. Commonwealth, 131 Va. 814, 818 (1921)). The Court held that the appellant's argument was waived because she introduced evidence "on the same subject in her case-in-chief." Id. at 95.

Here, by introducing evidence in his case-in-chief that established his absence from court on the date in question, Robinson waived his objection to the circuit court taking judicial notice of the capias. The capias established that Robinson had notice of his court date on February 12 and that he failed to appear on that date. Though he objected to the court taking judicial notice of the capias, Robinson then testified in his case-in-chief that on February 12, he went to the hospital and did not come to court because he believed he was supposed to avoid contact with others. He also testified in his case-in-chief that he called the clerk of court to alert the court that he would not be there for his hearing. Therefore, his testimony concerned the same "subject matter" as the capias—his notice and failure to appear. See Drinkard-Nuckols, 269 Va. at 103-04. His objection is therefore waived; finding "no ground for reversal," we affirm the judgment of the circuit court. Id. at 104 (quoting Snarr, 131 Va. at 818).

Furthermore, to the extent that Robinson argues the evidence was insufficient to prove that his failure to appear was "willful," that argument is not encompassed by his assignment of error.

> "An assignment of errors is in the nature of a pleading, and in the court of last resort it performs the same office as a declaration or complaint in a court of original jurisdiction." Like a well-crafted pleading, assignments of error set analytical boundaries for the arguments on appeal, provide a contextual backdrop for our ultimate ruling, and demark the stare decisis border between holdings and dicta.

Forest Lakes Comm. Ass'n, Inc. v. United Land Corp. of Am., 293 Va. 113, 123 (2017) (quoting Puckett v. Commonwealth, 134 Va. 572, 579 (1922)). Robinson's sole assignment of error alleges, "The trial court erred in taking Judicial Notice of the General District Court Records in

this case." This assignment of error does not address the sufficiency of the evidence supporting the conviction. Therefore, we will not consider any argument on this issue.

### III.  CONCLUSION

Because we conclude that Robinson's argument concerning the circuit court's decision to take judicial notice of the capias is waived, we affirm the judgment below.[5]

<u>Affirmed.</u>

---

[5] In <u>Gilman</u>, 275 Va. 222, the Supreme Court held that an appeal of a summary contempt conviction pursuant to Code § 18.2-459 is not a trial *de novo* and thus the right of confrontation set out in the Sixth Amendment to the United States Constitution does not apply. This holding begs the question of whether the rules of evidence likewise do not apply to the proceeding in the circuit court. However, for the reasons set out in footnote 4, we will leave that issue for another day.